Matthias, J.
 

 The record clearly discloses that at the time of the accident, upon which the suit of the plaintiff is predicated, Arrington was entirely outside and beyond the scope of his employment. The only possible basis for the claim of negligent entrustment of the automobile by the company to Arrington is that he was an incompetent driver solely by reason of the fact that at the time of the accident he did not have a driver’s license.
 

 Section 6296-4, General Code, provides as follows:
 

 “No person except those expressly exempted under Sections 5, 6 and 8 [Sections 6296-5, 6296-6 and 6296-8, General Code] of this act, shall drive any motor vehicle upon a highway in this state unless such person, upon application, has been licensed as an operator or chauffeur by the registrar under the provisions of this act. ’ ’
 

 Both parties to this appeal place reliance on the provisions of Section 6296-28, General Code, for the reason that the pleadings admit Arrington was not at the time of the accident a licensed driver. This section provides as follows:
 

 “No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven by any person who has no legal right to do so or in violation of any of the provisions of this act. ’ *
 

 It is to be observed that, reduced to its simplest terms, the question of law presented in this case is whether the mere entrustment of his automobile by an owner to an unlicensed driver constitutes negligence as a matter of law.
 

 The record discloses no evidence whatever that at the time of the entrustment of the automobile to Ar
 
 *189
 
 rington there was any knowledge on the part of the company or any representative of the company that Arrington did not have a driver’s license or that the company or any representative of the company had information that Arrington was an incompetent driver or of any fact that indicated incompetency of Arrington by reason of any physical or mental defect, habits of intoxication or any other condition or circumstance which would render him a dangerous, reckless or, in any wise, even an unsafe driver. Indeed the record discloses no evidence of any inability or lack of qualification of Arrington to secure a driver’s license, existing at the time of the entrustment. It is disclosed only that at the time of the entrustment Arrington did not have a driver’s license. Although the possession of a driver’s license, regularly issued, might indicate his competency, the lack of such license would in itself be no evidence that he was not a capable, skilled and safe driver.
 

 If an unlicensed driver is entrusted with an automobile and operates it with that degree of skill required of a licensed driver, negligence in such entrustment cannot properly be predicated upon the mere fact of the lack of a driver’s license. Surely no one would contend that the mere want of a driver’s license, by one who had long had such a license but which had lapsed or expired at the time of the entrustment and at the time of an accident consequent thereon, would constitute any evidence of incompetency of the driver.
 

 The general rule applicable is stated in 4 Ohio Jurisprudence, 764, Section 154, as follows :
 

 ‘ ‘ By the weight of authority in the courts generally it is held that the fact that a motor vehicle, or the driver of such a vehicle, was not licensed, as required by statute, will not charge the owner or operator with liability for injury or damage caused by its operation
 
 *190
 
 on the highway, where the failure to obtain a license has no causal connection with the injury or damage.”
 

 The rule is restated in 137 A. L. R., 476, as follows:
 

 “It seems that the mere fact that the driving of an automobile without a license is forbidden by law is not enough, per se, to render liable for an injurious consequence one who permits an unlicensed person to operate his car. This is in line with the general rule. ’ ’
 

 The doctrine of negligent entrustment as applied to automobiles was first approved by this court in the case of
 
 Elliott
 
 v.
 
 Harding,
 
 107 Ohio St., 501, 140 N. E., 338, the first paragraph of the syllabus of which reads as follows:
 

 “While an automobile is not a dangerous instrument per se, it may become such if operated by one who is unskilled in its use; and, where the owner intrusts such a machine to ah inexperienced or incompetent person, liability for damages may arise.”
 

 The rule so announced has been followed in the cases of
 
 Clark
 
 v.
 
 Stewart,
 
 126 Ohio St., 263, 185 N. E., 71;
 
 Wery
 
 v.
 
 Seff,
 
 136 Ohio St., 307, 25 N. E. (2d), 692;
 
 Orose
 
 v.
 
 Hodge Drive-It-Yourself Co., Inc.,
 
 132 Ohio St., 607, 9 N. E. (2d), 671, 111 A. L. R., 954; and
 
 Williamson v. Eclipse Motor Lines, Inc.,
 
 145 Ohio St., 467, 62 N. E. (2d), 339, 168 A. L. R., 1356.
 

 The question of the legal effect of the entrustment by the owner of an automobile to an unlicensed driver was presented and considered in the
 
 Williamson case, supra.
 
 As disclosed by the record in that case, the plaintiff urged and the trial court charged that the entrustment of the truck by the defendant to an unlicensed driver, in violation of Section 6296-28, General Code, constituted negligence per se. This court held otherwise, it being "stated in the opinion that “it is our conclusion that the evidence disclosed by the record was not such as to warrant submission of the
 
 *191
 
 case to the jury, and that the motion [by defendant] for a directed verdict made at the close of all the evidence should have been sustained. ’ ’
 

 The general rule applicable is that where the violation of a statute, enacted for the protection of the health and safety of the public, gives rise to liability for consequent damages, it is required that it be shown not only that there was a violation of such statute but also that such violation was a proximate cause of the injury claimed to have been sustained.
 

 Applying this general rule to Section 6296-28, General Code, it follows that the absence of proof that the failure to have a license, which was the only basis of the alleged violation in this case, was a proximate cause of the injury precludes a recovery of damages from the owner of the automobile.
 

 The judgment of the Court of Appeals should be, and is, reversed, and the judgment of the Municipal Court is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Hart and Stewart, JJ., concur.
 

 Zimmerman and Taft, JJ., concur in the judgment.
 

 Turner, J., dissents.