STATE FARM INSURANCE COMPANIES, APPELLANT, *v.* WOOD, APPELLEE.

---

(No. C-880055—Decided
January 4, 1989.)

*Schulzinger & Immerman Co.,
L.P.A.,* and *Stuart Tobin,* for appellant.

*Simon, Namanworth & Bohlen
Co., L.P.A.,* and *Eli Namanworth,* for appellee.

*Per Curiam.* Plaintiff-appellant, State Farm Insurance Companies ("State Farm"), appeals from the judgment of the Hamilton County Municipal Court granting the Civ. R. 12(B)(6) motion of defendant-appellee, James Wood ("appellee"), to dismiss State Farm's complaint. For the reasons that follow, we affirm the trial court's judgment.

On August 25, 1987, State Farm filed a complaint against the appellee alleging, *inter alia:* (1) that the appellee owned an automobile that he permitted one Beverly J. Wood ("Wood") to operate without proof of financial responsibility, as proscribed under R.C. 4509.101, and that this entrustment of the vehicle to Wood constituted negligence; (2) that Wood negligently struck and damaged an automobile insured by State Farm, for which damage State Farm compensated its insured and thereby became subrogated to the rights of its insured against the appellee; and (3) that Wood discharged State Farm's damage claim against her in a bankruptcy proceeding.

On September 18, 1987, the appellee filed a motion to dismiss State Farm's complaint for failure to state a claim upon which relief could be granted. State Farm filed a memorandum in opposition to the motion to dismiss on October 7, 1987. On November 19, 1987, the trial court placed of record an entry captioned "Entry and Response to Defendant's Motion to Dismiss," in which it stated that even if the appellee's failure to maintain insurance and the entrustment of the appellee's automobile to Wood constituted negligence *per se,* State Farm could not maintain a cause of action against the appellee because such acts were not the proximate cause of the damage to State Farm's insured. The court further advised the parties that if State Farm could not ethically amend its complaint on or before January 1, 1988, the appellee's motion to dismiss would be granted. On January 11, 1988, an entry was placed of record in which the trial court noted that no amended complaint had been filed and granted the appellee's motion to dismiss.

From that judgment, State Farm brings this timely appeal in which it is urged in a solitary assignment of error that the trial court erred by dismissing the complaint. We are unpersuaded.

We begin our analysis of the assignment of error by observing the Ohio Supreme Court's pronouncement in *Mt. Nebo Baptist Church* v. *Cleveland Crafts Co.* (1950), 154 Ohio St. 185, 191, 42 O.O. 258, 261, 93 N.E. 2d 668, 671, in which the court noted:

"The general rule applicable is that where the violation of a statute, enacted for the protection of the health and safety of the public, gives rise to liability for consequent damages, it is required that it be shown not only that there was a violation of such statute but also that such violation was a proximate cause of the injury claimed to have been sustained."

R.C. 4509.101(A)(1) provides that "[n]o person shall * * * permit the operation of * * * a motor vehicle in [Ohio] * * *, unless proof of financial responsibility is maintained with respect to that vehicle, or, in the case of a driver who is not the owner, with respect to his operation of that

vehicle." Assuming, without deciding, that State Farm could prove that the appellee violated R.C. 4509.101, we find that such violation was not the proximate cause of the damage suffered by State Farm's insured, to whose rights State Farm was subrogated. See *Mt. Nebo Baptist Church* v. *Cleveland Crafts Co., supra.* We, therefore, hold that the trial court did not err when it dismissed the instant complaint because, on the state of that pleading, it appears beyond doubt that State Farm could prove no set of facts upon which it would be entitled to recover from the appellee. See *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, syllabus.

Accordingly, we overrule State Farm's single assignment of error and affirm the judgment of the court below.

*Judgment affirmed.*

HILDEBRANDT, P.J., DOAN and KLUSMEIER, JJ., concur.