OPINION
On January 24, 1997, Boyd Fontaine, individually and as executor of the estate of Joyce I. Fontaine, filed a complaint in the Franklin County Court of Common Pleas against Andrea Hairston and Ricart Automotive Group. Mr. Fontaine set forth several claims for relief against both defendants, including negligence, wrongful death and loss of services and consortium. Such claims arose out of an automobile collision involving the Fontaines and Ms. Hairston. The complaint averred that at the time of the collision, Ms. Hairston was driving a used car owned by Ricart Automotive Group. On October 29, 1997, Mr. Fontaine filed a motion to amend the complaint in order to name, in place of Ricart Automotive Group, the actual owner of the vehicle involved in the collision — Ricart Properties, Inc., dba Ricart North ("Ricart"). In addition, the amended complaint would add as a defendant Mr. Fontaine's insurance carrier, Farmers Insurance of Columbus, Inc. ("Farmers").[1] The trial court granted Mr. Fontaine's motion to amend the complaint.
By way of brief background, on November 2, 1996, Ms. Hairston went to Ricart for the purpose of purchasing a used vehicle. Ms. Hairston told Ricart she wanted a mechanic to look over the vehicle. Ricart allowed Ms. Hairston to take the vehicle off its lot. While Ms. Hairston was driving the vehicle, she collided with a vehicle containing the Fontaines. As a result of the collision, Ms. Fontaine was killed, and Mr. Fontaine sustained injuries. Ms. Hairston had no automobile liability insurance or other proof of financial responsibility at the time of the collision.
On November 17, 1997, Ricart filed a motion for partial summary judgment. Ricart asserted that Mr. Fontaine had set forth three grounds under which Ricart should be held liable: (1) negligent entrustment; (2) failure to establish that Ms. Hairston had automobile liability insurance prior to allowing her to operate its vehicle; and (3) bailment. Ricart contended it was entitled to summary judgment on all of these grounds.
On December 18, 1997, Farmers filed a cross-claim against Ms. Hairston and Ricart for subrogation. On December 26, 1997, Ricart filed a motion for partial summary judgment against Farmers, asserting that it was entitled to summary judgment against Farmers on the cross-claim for the same reasons set forth in its motion for partial summary judgment against Mr. Fontaine. Mr. Fontaine and Farmers each filed a memorandum contra the motions for partial summary judgment.
On June 19, 1998, the trial court rendered a decision on Ricart's motions for partial summary judgment. The trial court found there was no evidence to suggest Ms. Hairston was incompetent or inexperienced to drive or that Ricart was aware of any such incompetence. Therefore, the trial court concluded Ricart was entitled to partial summary judgment on the claims sounding in negligent entrustment and bailment. In addition, the trial court found no genuine issue of fact, and Ricart was entitled to judgment as a matter of law on the claim for negligence per se based on Ricart's alleged failure to maintain proof of financial responsibility under R.C. 4509.10.1(A)(1). Specifically, the trial court found no evidence that Ricart's failure to ensure that Ms. Hairston had liability insurance or other proof of financial responsibility proximately caused the collision. In addition, the trial court concluded that the only civil penalties available for violation of R.C. 4509.10.1(A)(1) were found in R.C. 4509.10.1(A)(2) (i.e., suspension of operating privileges and impoundment of the person's license, and suspension of the right of the owner to register the motor vehicle and the impoundment of the owner's certificate of registration and license plates).
On October 19, 1998, the trial court journalized an entry of partial dismissal, dismissing Ricart as a result of the granting of Ricart's motions for partial summary judgment against Mr. Fontaine and Farmers. The trial court indicated that the action remained pending against the remaining parties.
On May 4, 1999, a journal entry was filed, dismissing the case as to all remaining parties (apparently, this was the result of a voluntary dismissal without prejudice).
On June 2, 1999, Mr. Fontaine filed a notice of appeal from the granting of partial summary judgment in favor of Ricart and from the May 4, 1999 final dismissal entry.
Before reaching the merits of Mr. Fontaine's appeal, we address an issue raised by Ricart. Ricart contends the appeal must be dismissed because there has been no final, appealable order. Ricart asserts Mr. Fontaine could not convert the October 19, 1998 entry into a final, appealable order by dismissing the remaining claims and parties. Ricart's contention is not well-taken.
In Denham v. New Carlisle (1999), 86 Ohio St.3d 594, syllabus, the Supreme Court of Ohio held:
 A trial court's decision granting summary judgment based on immunity for one of several defendants in a civil action becomes a final appealable order when the plaintiff voluntarily dismisses the remaining parties to the suit pursuant to Civ. R. 41(A)(1).
Mr. Fontaine asserts that pursuant to the holding inDenham, the decision granting partial summary judgment in favor of Ricart became a final, appealable order once he voluntarily dismissed the remaining parties. We agree. Mr. Fontaine's voluntary dismissal nullified the action only with respect to those parties dismissed in the May 4, 1999 entry of dismissal. Once these parties and claims were dismissed, the trial court's entry granting partial summary judgment in favor of Ricart met the requirements of Civ.R. 54(B) and R.C. 2505.02, and such entry became a final, appealable order.
Turning to the merits of Mr. Fontaine's appeal, Mr. Fontaine (hereinafter "appellant") sets forth the following assignment of error:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING SUMMARY JUDGMENT IN FAVOR OF RICART AUTOMOTIVE GROUP AND RICART PROPERTIES, INC., BECAUSE ENTRUSTING A VEHICLE TO AN UNINSURED DRIVER IS NEGLIGENCE WHICH ONE CAN FORESEE WILL CAUSE DAMAGE AND INJURY.
Appellant contends, in essence, that summary judgment was inappropriate because genuine issues of fact and law exist as to whether or not Ricart (hereinafter "appellee") was negligent in allowing Ms. Hairston, an uninsured motorist, to take appellee's automobile for a test drive and for the resulting damages arising out of Ms. Hairston's use of such automobile. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivich v. MentorSoccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370, citingHorton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus. Our review of the appropriateness of summary judgment is de novo. See Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
The main issues on appeal involve issues of law. The facts, construed most strongly in favor of appellant, indicate that on November 2, 1996, Ms. Hairston went to Ricart and informed a salesperson she was interested in a used Toyota Camry. Ms. Hairston informed a salesperson of how much money she had for a down payment. The salesperson told her there would be no problems, and they would get her pre-approved. Ms. Hairston indicated she wanted to take the car to a mechanic. The salesperson agreed to allow her to take the car off the lot. Ms. Hairston signed a Demonstration Agreement, and her driver's license was photocopied. A salesperson asked Ms. Hairston if she had insurance, and she replied she did not. There is conflicting evidence as to Ms. Hairston's reply to such question; however, for purposes of summary judgment, we assume Ricart was aware that Ms. Hairston did not have automobile liability insurance or other evidence of financial responsibility.
While Ms. Hairston was driving Ricart's automobile with Ricart's permission, she apparently lost control of the vehicle, went left of center and struck the Fontaine vehicle. Ms. Hairston had no automobile liability insurance and according to Ricart, its insurance did not cover the vehicle while it was being driven by Ms. Hairston.
Appellant sets forth three theories under which it claims Ricart is liable. First, appellant contends Ricart is liable pursuant to R.C. 4509.10.1(A)(1). At the time of the collision, R.C. 4509.10.1(A)(1) stated:
 No person shall operate, or permit the operation of, a motor vehicle in this state, unless proof of financial responsibility is maintained continuously throughout the registration period with respect to that vehicle, or, in the case of a driver who is not the owner, with respect to that person's operation of that vehicle.
For purposes of summary judgment, the evidence shows that appellee did not maintain proof of financial responsibility with respect to Ms. Hairston's operation of the vehicle in question. The question becomes whether appellee's failure to conform to R.C. 4509.10.1(A)(1) constitutes negligence per se.
Where there exists a legislative enactment commanding or prohibiting for the safety of others the doing of a specific act, and there is a violation of such enactment solely by one whose duty it is to obey it, such violation constitutes negligence perse. Hurst v. Ohio Dept. of Rehab. Corr. (1995), 72 Ohio St.3d 325,327, quoting Eisenmuth v. Moneyhon (1954), 161 Ohio St. 367, paragraph three of the syllabus. Where the duty is defined only in abstract terms, leaving to the jury the ascertainment and determination of reasonableness and correctness of acts and conduct, negligence per se has no application. Hurst at 327. However, where the duty prescribed by the enactment is so specific that the only determination necessary is to find but a single fact, a violation of the statute is negligence per se. Id.
The duty prescribed in R.C. 4509.10.1(A)(1) is specific proof of financial responsibility must be maintained. Further, the legislature has commanded such act for the safety of others. Indeed, former R.C. 4509.10.1(K), in effect at the time of the collision, stated, in pertinent part:
 The purpose of this section is to require the maintenance of proof of financial responsibility with respect to the operation of motor vehicles on the highways of this state, so as to minimize those situations in which persons are not compensated for injuries and damages sustained in motor vehicle accidents.
Hence, violation of R.C. 4509.10.1(A)(1) constitutes negligence perse. As indicated above and for purposes of summary judgment, appellee failed to maintain proof of financial responsibility as required in R.C. 4509.10.1(A)(1). Accordingly, appellee was negligent per se.
However, appellee correctly points out that proximate cause must also be established in order to impose liability. SeeChambers v. St. Mary's School (1998), 82 Ohio St.3d 563, 565. Appellee contends its alleged failure to maintain proof of financial responsibility was not the proximate cause of the collision. We agree. However, this is not the correct analysis under R.C. 4509.10.1(A)(1). Appellee focuses on the collision as being the "injury" about which appellant complains. In support of its contention, appellee cites State Farm Ins. Cos. v. Wood
(1989), 58 Ohio App.3d 11 in which the First District Court of Appeals addressed a similar situation. In Wood, an insurance company filed suit against a parent who had allegedly allowed his daughter to operate his motor vehicle without proof of financial responsibility as required under R.C. 4509.10.1(A)(1). The insurance company insured a person who was negligently hit by the vehicle owned by the parent and driven by the daughter. The court concluded that even if the parent violated R.C. 4509.10.1(A)(1), such violation was not the proximate cause of the damage suffered by the insurance company's insured. Id. at 13.
The appellate court engaged in no analysis as to why the alleged violation of R.C. 4509.10.1(A)(1) was not the proximate cause of the insured's damage. However, we presume it was for the same reason asserted by appellee here. Again, appellee focuses on the collision itself as being the "injury" about which appellant complains. However, appellant's theory of liability is negligenceper se under R.C. 4509.10.1(A)(1), not negligence for bringing about the actual collision. Appellant's "injury" is the inability to be compensated. Such "injury" is directly related to the duty imposed by R.C. 4509.10.1(A)(1) — a duty which appellee, for purposes of this appeal, breached. Hence, appellee's breach of the duty imposed by R.C. 4509.10.1(A)(1) was the proximate cause of the injury of which appellant complains. Therefore, to the extent that the Wood case may be read to support appellee's contention, we respectfully disagree with such court's conclusion.
Appellee also cites Grange Mutual Casualty Co. v. Martin
(Sept. 18, 1990), Tuscarawas App. No. 90AP020011, unreported, in support of its contentions. In Martin, the owner of a vehicle entrusted his vehicle to someone, and such person allegedly caused an automobile accident while driving such vehicle. The sole issue was whether the owner of the vehicle had violated R.C. 4509.10.1(A)(1) and whether violation of such gave rise to, in and of itself, a civil cause of action against the owner. The court cited R.C. 4509.10.1(K), which, in addition to setting forth the purpose of R.C. 4509.10.1, stated, "[t]he general assembly finds that this section contains reasonable civil penalties and procedures for achieving this purpose." Martin at 2. The court concluded that given this language in (former) R.C. 4509.10.1(K), the legislature had indicated that the only civil penalties available are those set forth in R.C. 4509.10.1(A)(2). Id.
We disagree with the court's decision. Simply because the legislature has set forth penalties for violation of R.C. 4509.10.1(A)(2) does not mean a person could not be found negligentper se and subsequently liable for any damages arising out of a violation of R.C. 4509.10.1(A)(1).
Given all of the above, we find the trial court erred in granting summary judgment to appellee as appellee could be liable in negligence for violating R.C. 4509.10.1(A)(1). We note that if appellee were ultimately found negligent for violating R.C. 4509.10.1(A)(1), appellee's liability would be limited to the minimum amount(s) required under law in order to maintain financial responsibility.
We now turn to appellant's remaining theories of liability. Appellant contends appellee should be held liable for negligently entrusting the vehicle to Ms. Hairston. Liability for negligent entrustment arises from the act of entrustment of the motor vehicle, with permission to operate the same, to one whose incompetency, inexperience or recklessness is known or should have been known by the owner. Dowe v. Dawkins (Dec. 23, 1993), Franklin App. No. 93AP-860, unreported, citing Williamson v.Eclipse Motor Lines, Inc. (1945), 145 Ohio St. 467, paragraph two of the syllabus. See, also, Gulla v. Straus (1950), 154 Ohio St. 193, paragraphs three, four and five of the syllabus.
Here, the undisputed evidence is that appellee's two employees who observed Ms. Hairston on the evening in question stated there was nothing to lead them to believe Ms. Hairston was an inexperienced driver or was incompetent to drive. Accordingly, the trial court did not err in granting summary judgment in favor of appellee on the claim for negligent entrustment.
Appellant also contends appellee should be held liable under a bailment theory. However, in a bailment situation, it must be shown that the bailor negligently entrusted the vehicle in order to hold the bailor liable. See Benlehr v. Landrum Oil Co.
(1978), 62 Ohio App.2d 1, 7-8; Egbert v. Bowden (Dec. 29, 1995), Trumbull App. No. 95-T-5209, unreported; Duncan v. Caldwell (Feb. 16, 1989), Cuyahoga App. No. 55027, unreported, jurisdictional motions overruled in (1989), 44 Ohio St.3d 706. As indicated above, appellee did not negligently entrust the vehicle to Ms. Hairston. Therefore, the trial court did not err in granting summary judgment in favor of appellee on a claim based on bailment.
In summary, the trial court erred in granting summary judgment in favor of appellee because appellee could be liable, as set forth in this opinion, for damages as a result of violating R.C. 4509.10.1(A)(1). The trial court did not err in granting summary judgment in favor of appellee on the remaining theories of liability. Accordingly, appellant's assignment of error is sustained, in part, as to the appropriateness of summary judgment on the claim based on R.C. 4509.10.1(A)(1) and overruled, in part, as to summary judgment based on the theories of negligent entrustment and bailment.
Having sustained appellant's assignment of error in part, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded for further appropriate proceedings.
Judgment affirmed in part and reversed in part, and causeremanded.
DESHLER, J., and BOWMAN, P.J., concur.
[1] The amended complaint incorrectly named "Farmers Insurance Company" as a defendant. This was later changed to the proper name as set forth above.