JOURNAL ENTRY AND OPINION
{¶ 1} This is a wrongful death and survivorship action brought against the City of Cleveland Heights (the City) by Carol J. Dawson, administratrix of the estate of her son, Eric Dawson. Twenty-six-year-old Eric Dawson suffered fatal injuries when he fell from a retaining wall located on the third floor of a Coventry parking garage, which the City owned, maintained, and operated. In this accelerated appeal, Carol J. Dawson assigns the following as error for our review:
 {¶ 2} "The trial court erred to the prejudice of the appellant ingranting appellee's motion for summary judgment because genuine issues ofmaterial fact exists as to whether appellee's negligence per se was aproximate cause of decedent's death."
 {¶ 3} Having reviewed the arguments of the parties and the pertinent law, we affirm the judgment of the trial court.
 {¶ 4} Around midnight on June 25, 1999, Dawson and his friend, David Becker, parked on the third level of a parking garage located at 1815 Coventry Road in Coventry Village in the City of Cleveland Heights and proceeded to a bar known as the Grog Shop. He and Dawson watched a band play at the bar and while there, Dawson consumed at least two beers.
 {¶ 5} Approximately two hours later, Dawson and Becker returned to the garage. They walked over to the south retaining wall, climbed onto it, swung their legs over the wall and sat with their legs dangling over the ledge on the outside of the wall. After some time, Becker climbed down from the wall and heard a noise. He turned to see Dawson's hands gripping the wall. Dawson fell to the ground below. He was transported to Mt. Sinai Medical Center, where he was pronounced dead.
 {¶ 6} Dawson's estate brought a wrongful death and survivorship action against the City alleging an unsafe condition existed due to the negligent structure of the parking garage. In particular, Carol J. Dawson claimed the retaining wall should have been 42 inches high instead of 41 inches high.
 {¶ 7} The City moved for summary judgment alleging immunity from liability under R.C. 2744 or alternatively, that Dawson's own negligence was the proximate cause of his injuries.
 {¶ 8} In response, Carol J. Dawson argued the City is not immune, but rather, is negligent per se because the retaining wall did not conform to the Ohio Basic Building Code in violation of city ordinance.
 {¶ 9} To support a claim of negligence per se, a plaintiff must present evidence of (1) a legislative enactment which imposes a specific duty upon the defendant for safety and protection of a person in the plaintiff's position; (2) the failure of the defendant to observe the legislative enactment; and (3) that such failure was the proximate cause of plaintiff's injury.[1]
 {¶ 10} At the outset, we note this court reviews the lower court's grant of summary judgment de novo.[2] An appellate court applies the same test as a trial court, as set forth in Civ.R. 56(C), which specifically provides that before summary judgment may be granted it must be determined that (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.[3]
 {¶ 11} Moreover, it is well-settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial.[4] Doubts must be resolved in favor of the nonmoving party.[5]
 {¶ 12} In accordance with Civ.R. 56(E), "* * * a nonmovant may not rest on the mere allegations or denials of his pleading but must set forth specific facts showing there is a genuine issue for trial."[6]
The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial.[7]
 {¶ 13} In support of its motion for summary judgment, the City submitted an affidavit from Anthony Carbone, the Building Commissioner/Chief Building Official for the City of Cleveland Heights Building Department. Carbone averred the retaining wall is forty-two inches in height when measured from its outmost edge to the parking surface; this measurement complies with the Building Code.
 {¶ 14} The City also offered the deposition testimony of David Becker, who stated Eric Dawson had consumed at least two beers that evening.
 {¶ 15} Cleveland Heights Police Chief Martin Lentz affirmed the police department records were devoid of complaints or reports regarding people congregating at, or sitting on, the third level wall of the parking garage.
 {¶ 16} The City also submitted interrogatories and a request for production of documents.
 {¶ 17} In response, Carol J. Dawson argued the City should have posted warning signs, constructed some form of guardrail, and provided better lighting. She submitted an unsworn and uncertified excerpt from a police report that noted the retaining wall was forty-one inches in height. Her affidavit referenced a news broadcast reporting the incident, wherein the reporter identified the retaining wall as a common gathering place for young adults.
 {¶ 18} This case turns on whether Carol J. Dawson has a triable issue as to the negligence per se of the City. "The general rule applicable is that where the violation of a statue, enacted for the protection of the health and safety of the public, gives rise to liability for consequent damages, it is required that it be shown not only that there was a violation of such statute but also that such violation was a proximate cause of the injury claimed to have been sustained."[8]
 {¶ 19} Accordingly, Carol J. Dawson must first show there was a violation of the building code which required the retaining wall to be 42 inches high. The City offered the building commissioner's affidavit where Carbone avers the wall is 42 inches high. On the other hand, appellant has offered no evidence other than an unsworn, uncertified police report wherein an unnamed police officer stated the wall was 41 inches. Under Civ.R. 56, this report cannot be considered. No other evidence has been offered to prove the retaining wall was not in conformity with the building code. Because she has failed to show there was a violation of the building code, we need not reach the issue of proximate causation. Accordingly, the City is entitled to judgment as a matter of law.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., and TERRENCE O'DONNELL, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] Williams v. 312 Walnut Limited Partnership (Dec. 31, 1996), Hamilton App. No. C-960368.
[2] Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704.
[3] Temple v. Wean United Inc. (1977), 50 Ohio St.2d 317, 327.
[4] Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330; Dresherv. Burt (1996), 75 Ohio St.3d 280, 293.
[5] Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
[6] Chaney v. Clark Cty. Agricultural Soc. (1993), 90 Ohio App.3d 421,424; Jackson v. Alert Fire Safety Equip. (1991), 58 Ohio St.3d 48,51.
[7] Dresher; Celotex at 322.
[8] Mt. Nebo Baptist Church v. Cleveland Crafts Co. (1950),154 Ohio St. 185, 191.