**McLAUGHLIN et al., Appellees,**

v.

**RESIDENTIAL COMMUNICATIONS, INC., et al., Appellants.**

[Cite as *McLaughlin v. Residential Communications, Inc.,* 185 Ohio App.3d 515, 2009-Ohio-6789.]

Court of Appeals of Ohio,
Fifth District, Fairfield County.

No. 09 CA 0019.

Decided Dec. 17, 2009.

516

Mitchell, Allen, Catalano and Boda, William Mann, and Daniel K. Boda, for appellees.

Gallagher, Gams, Pryor, Tallan & Littrel, L.L.P., and Barry W. Littrell, for appellant State Farm Mutual Automobile Insurance Company.

Hoffman, Judge.

{¶ 1} Defendant-appellant State Farm Mutual Automobile Insurance Company ("State Farm") appeals the March 16, 2009 judgment entry of the Fairfield County Court of Common Pleas entering judgment in favor of plaintiff-appellees Sean M. and Cheryl McLaughlin.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} This matter arises out of an automobile accident involving a Residential Communications, Inc. ("RCI") installation truck and an SUV. The truck was driven by an employee/co-owner of RCI, defendant Charles Larkin. Appellee Sean McLaughlin was an employee of RCI and a passenger in the truck. It is undisputed that the men were within the scope of their employment at the time of the accident. It is also undisputed that Larkin was at fault in the accident. As a result of the accident, Sean McLaughlin sustained serious injuries.

{¶ 3} J. Andy Miller, a co-owner of RCI, owned the installation truck involved in the accident. Neither RCI nor Miller as the owner of the truck carried motor-vehicle liability insurance. Further, Larkin was an uninsured driver, driving under a suspended license for failure to pay his child-support obligation. As a result, appellees sought uninsured-motorist coverage under their own policy with State Farm. State Farm denied coverage.

{¶ 4} At all relevant times and at the time of the collision, RCI was not in compliance with Ohio Workers' Compensation Laws. However, appellee Sean Larkin received payment for his medical bills from the Ohio Bureau of Workers' Compensation ("BWC").

{¶ 5} Appellees filed the within action naming State Farm, RCI, Larkin, and Miller as defendants. The claims against State Farm included uninsured-/underinsured-motorist coverage and medical-payment coverage. Appellees also sued Larkin for negligence in causing personal injuries and damages and Miller for negligent entrustment of the vehicle to Larkin. Appellees asserted claims of negligent entrustment and vicarious liability against RCI.

{¶ 6} Appellant State Farm filed a motion for summary judgment on September 28, 2006. Appellees filed their own motion for summary judgment on October 9, 2006. Via judgment entry of November 20, 2006, the trial court denied State Farm's motion for summary judgment and granted summary judgment in favor of appellees.

{¶ 7} This court dismissed State Farm's appeal from the November 20, 2006 judgment entry for lack of a final, appealable order.

{¶ 8} On April 11, 2008, the parties filed a stipulation of facts regarding the applicable policy limits, damages, and the involvement of the BWC and the parties' reservation of rights to appeal.

{¶ 9} On April 16, 2008, via judgment entry, the trial court incorporated its prior order granting summary judgment in favor of appellees. On appeal, this court found that the April 16, 2008 order was also not a final, appealable order, dismissing the appeal.

{¶ 10} On March 16, 2009, the parties entered into an agreed judgment entry and final, appealable order disposing of all remaining claims.

{¶ 11} State Farm proceeded with the within appeal, assigning as error:

{¶ 12} "I. The trial court erred by granting plaintiff's [sic] motion for summary judgment and by not granting the motion for summary judgment of State Farm Mutual Automobile Insurance Company and by concluding that plaintiffs are entitled to uninsured/underinsured motorist coverage in spite of the fact that plaintiffs could not establish that they were legally entitled to collect from the owner or driver of an uninsured motor vehicle.

{¶ 13} "II. The trial court erred in granting plaintiffs' motion for summary judgment against defendant and by not granting the motion for summary judgment of State Farm Mutual Automobile Insurance Company on the issue of whether medical payments coverage is available under the factual circumstances surrounding this accident in spite of the fact that the policy of insurance indicates no coverage is available when medical expenses are required to be payable under workers' compensation."

I

{¶ 14} We review appellants' assignments of error pursuant to the standard set forth in Civ.R. 56. That rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 448, 663 N.E.2d 639.

{¶ 15} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274."

{¶ 16} As an appellate court reviewing summary-judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212.

{¶ 17} The uninsured-motor vehicle coverage section of the State Farm policy at issue reads:

{¶ 18} "We will pay damages for **bodily injury** an **insured**:

{¶ 19} "1. is legally entitled to collect from the owner or driver of an uninsured motor vehicle; or

{¶ 20} "2. would have been legally entitled to collect except for the fact that the owner or driver of the **uninsured motor vehicle** has an immunity under Chapter 2744 of the Ohio Revised Code or a diplomatic immunity."

{¶ 21} The policy further provides:

{¶ 22} "**What Is Not Covered** * * *

{¶ 23} "THERE IS NO COVERAGE:

{¶ 24} "4. for medical expenses for bodily injury:

{¶ 25} "b. to the extent workers' compensation benefits are required to be payable * * * "

{¶ 26} The policy provided uninsured-motorist coverage in the amount of $100,000/$300,000 and medical-payments coverage in the amount of $25,000.

{¶ 27} Under the facts and circumstances of this case, we find it clear who is the "driver" and who is the "owner" of the uninsured vehicle.

{¶ 28} State Farm denied coverage under the policy because the driver of the vehicle, Larkin, and appellee Sean McLaughlin were co-employees of RCI. R.C. 4123.741 sets forth the fellow-servant rule as follows:

{¶ 29} "No employee of any employer, as defined in division (B) of section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury or occupational disease, received or contracted by any other employee of such employer in the course of and arising out of the latter employee's employment, or for any death resulting from such injury or occupational disease, on the condition that such injury, occupational disease, or death is found to be compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code."

{¶ 30} Pursuant to the fellow-servant rule, appellees are not legally entitled to recover against the driver of the vehicle, Larkin. However, appellees maintain that they are entitled to recover against RCI, as Larkin was an employee of RCI operating the vehicle in the course and scope of his employment at the time of the

accident at issue. Appellees' complaint alleges that RCI is jointly and severally liable for the torts committed by Larkin based upon the doctrine of respondeat superior.

{¶ 31} In support, appellees cite R.C. 1701.03(A) for the proposition that a corporation itself enters into contracts, borrows money, sues, and may be sued on its own. Appellees further assert that a corporation is incapable of acting except through the agency of others; therefore RCI, an artificial person created by operation of law and acting by and through its employee Larkin, drove the truck in which appellee Sean McLaughlin was a passenger.

{¶ 32} The doctrine of vicarious liability imputes liability secondarily to an employer for the torts of its employee, the actual tortfeasor. The employer is charged with passive negligence due to the master/servant relationship. *Reynolds v. Physicians Ins. Co. of Ohio* (1993), 68 Ohio St.3d 14, 623 N.E.2d 30. However, we do not conclude that the doctrine acts to substitute the employer corporation as the "driver" of the vehicle in the place of the actual tortfeasor. The language of the policy is to be given its plain and ordinary meaning. Ambiguity cannot be created as to the meaning of "driver" by application of the doctrine of respondeat superior.

{¶ 33} We now must determine whether appellees are legally entitled to recover against the owner of the vehicle.

{¶ 34} J. Andy Miller Jr. was the owner of the vehicle. Appellees asserted claims against Miller for negligent entrustment and negligently failing to maintain mandatory motor-vehicle insurance on the vehicle in question.

{¶ 35} The Ohio Supreme Court has defined "negligent entrustment" as:

{¶ 36} "The owner of a motor vehicle may be held liable for an injury to a third person upon the ground of negligence if the owner knowingly, either through actual knowledge or through knowledge implied from known facts or circumstances, entrusts its operation to an inexperienced or incompetent operator whose negligent operation results in the injury.

{¶ 37} " * * *

{¶ 38} "In an action against the owner of a motor vehicle arising from its entrustment for operation, the burden is upon the plaintiff to establish that the motor vehicle was driven with the permission and authority of the owner; that the entrustee was in fact an incompetent driver; and that the owner knew at the time of the entrustment that the entrustee had no driver's license, or that he was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply knowledge on the part of the owner of such incompetency."

{¶ 39} *Gulla v. Straus* (1950), 154 Ohio St. 193, 42 O.O. 261, 93 N.E.2d 662, paragraphs three and five of the syllabus.

{¶ 40} Appellees have not directed us to any evidentiary material in the record to establish that Miler knew or should have known that Larkin was in fact an incompetent driver. Accordingly, we find that appellees are unable to establish that they are entitled to recover against Miller on the theory of negligent entrustment.

{¶ 41} We now turn to the question of whether appellees are legally entitled to recover against Miller because of his failure to insure the vehicle.

{¶ 42} The Ohio Supreme Court held as follows in *Mt. Nebo Baptist Church v. Cleveland Crafts Co.* (1950), 154 Ohio St. 185, 42 O.O. 258, 93 N.E.2d 668:

{¶ 43} "To establish negligence of the owner of a motor vehicle in such a case, it is essential that it be shown by competent evidence that the owner of the automobile had knowledge of the driver's incompetence, inexperience or reckless tendency as an operator, or that the owner, in the exercise of ordinary care, should have known thereof from facts and circumstances with which he was acquainted. (*Williamson v. Eclipse Motor Lines, Inc.,* 145 Ohio St. 467 [31 O.O. 156], 62 N.E.2d 339, 168 A.L.R. 1356, approved and followed.)"

{¶ 44} " * * *

{¶ 45} "The general rule applicable is that where the violation of a statute, enacted for the protection of the health and safety of the public, gives rise to liability for consequent damages, it is required that it be shown not only that there was a violation of such statute but also that such violation was a proximate cause of the injury claimed to have been sustained."

{¶ 46} The First District Court of Appeals held as follows in *State Farm Ins. Cos. v. Wood* (1989), 58 Ohio App.3d 11, 567 N.E.2d 1040:

{¶ 47} "We begin our analysis of the assignment of error by observing the Ohio Supreme Court's pronouncement in *Mt. Nebo Baptist Church v. Cleveland Crafts Co.* (1950), 154 Ohio St. 185, 191, 42 O.O. 258, 93 N.E.2d 668, in which the court noted:

{¶ 48} " 'The general rule applicable is that where the violation of a statute, enacted for the protection of the health and safety of the public, gives rise to liability for consequent damages, it is required that it be shown not only that there was a violation of such statute but also that such violation was a proximate cause of the injury claimed to have been sustained.' "

{¶ 49} "R.C. 4509.101(A)(1) provides that '[n]o person shall * * * permit the operation of * * * a motor vehicle in [Ohio] * * *, unless proof of financial responsibility is maintained with respect to that vehicle, or, in the case of a driver

who is not the owner, with respect to his operation of that vehicle.'" *Wood,* 58 Ohio App.3d at 12, 567 N.E.2d 1040. Assuming, without deciding, that State Farm could prove that Miller violated R.C. 4509.101, we find that that violation was not the proximate cause of the injury suffered by appellees pursuant to *Mt. Nebo Baptist Church,* 154 Ohio St. 185, 42 O.O. 258, 93 N.E.2d 668.

{¶ 50} Having concluded that appellees are not legally entitled to recover against either the driver, Larkin, or the owner, Miller we find that the trial court erred in finding that appellees were entitled to coverage under their State Farm uninsured-motorist policy.

{¶ 51} Appellant's first assignment of error is sustained.

## II

{¶ 52} In the second assignment of error, appellant State Farm asserts that the trial court erred in finding that appellees were entitled to medical-payment coverage under the policy at issue.

{¶ 53} The policy reads as follows:

{¶ 54} "We will pay reasonable medical expenses incurred for bodily injury, caused by accident, for services furnished within three years of the date of the accident. These expenses are for necessary medical, surgery, x-ray, dental, ambulance, hospital, professional nursing and funeral services, eyeglasses, hearing aids, and prosthetic devices.

{¶ 55} " * * *

{¶ 56} "What Is Not Covered

{¶ 57} "THERE IS NO COVERAGE

{¶ 58} " * * *

{¶ 59} "4. FOR MEDICAL EXPENSES FOR **BODILY INJURY**:

{¶ 60} " * * *

{¶ 61} "B. TO THE EXTENT WORKERS' COMPENSATION BENEFITS ARE REQUIRED TO BE PAYABLE * * * "

{¶ 62} The parties herein stipulated:

{¶ 63} "State Farm also has medical payment coverage on that [McLaughlin] policy with a limit of $25,000. * * *

{¶ 64} "It is further stipulated that Plaintiff Sean McLaughlin incurred at least $25,000 in medical expenses that were reasonable, necessary and directly and proximately caused by the motor vehicle accident in question and that the medical expenses that were reasonable, necessary and directly and proximately caused by

the accident were required to be payable through workers' compensation benefits."

{¶ 65} In addition, the record demonstrates that at least part of Sean McLaughlin's medical expenses were in fact paid by the Bureau of Workers' Compensation.

{¶ 66} Based upon the terms of the policy and stipulations noted above, we find that the trial court erred in concluding that appellees were entitled to medical-payment coverage under the State Farm uninsured-motorist policy at issue.

{¶ 67} The second assignment of error is sustained.

{¶ 68} The judgment of the Fairfield County Court of Common Pleas is hereby reversed.

Judgment reversed.

FARMER, P.J., and GWIN, J., concur.