[Cite as *Maeder v. Hale*, 2012-Ohio-2.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

TINA L. MAEDER

    Appellant

    v.

TYSEN D. HALE

    Defendant

    and

MARY ANN DAUGHERTY

    Appellee

C.A. No.     10CA009925

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    08CV158349

DECISION AND JOURNAL ENTRY

Dated: January 3, 2012

DICKINSON, Judge.

INTRODUCTION

**{¶1}** Following a car crash in which a passenger died, the estate of the decedent sued the titled owner of the car for negligent entrustment. The trial court granted the titled owner summary judgment, and the estate has appealed. We affirm because there are no genuine issues of material fact and the titled owner of the car is entitled to judgment as a matter of law.

BACKGROUND

**{¶2}** In September 2007, Kyler Roysdon died from injuries received in a car crash in Ashland County. At the time of the crash, Mr. Roysdon's half-brother, Tysen Hale, was driving a car that was not titled in his name. Although he had primary use of it, the car's title was issued

to Mary Daugherty, Mr. Hale's girlfriend's maternal grandmother. Ms. Daugherty testified at her deposition that, because Mr. Hale was unable to qualify for a loan, even with her as co-signor, she bought the car for him. According to Ms. Daugherty and Mr. Hale, they agreed that Mr. Hale would pay her for it and, at some later time, she would transfer the title to him. Just two days after Ms. Daugherty purchased the car, Mr. Hale wrecked it while Mr. Roysdon was riding as a passenger.

{¶3} The estate of Kyler Roysdon, acting through his mother, Tina Maeder as Administratrix, sued Mr. Hale, Ms. Daugherty, and two insurance companies. The estate claimed that Mr. Hale had negligently operated the car and proximately caused Mr. Roysdon's death. It further claimed that Ms. Daugherty, as owner of the car, had negligently entrusted it to Mr. Hale. Ms. Daugherty moved for summary judgment, arguing that there were no genuine issues of material fact regarding whether she knew or should have known that Mr. Hale was an incompetent, inexperienced, or reckless driver. Later, Ms. Daugherty filed a supplemental motion for summary judgment, arguing that Mr. Hale was the owner of the car because he chose the car, drove it home, insured it, and gave her the money for the monthly payments. She argued that she could not be responsible for negligent entrustment because she did not own the car. The trial court considered both of Ms. Daugherty's motions and granted her summary judgment. The estate has appealed that ruling.

NEGLIGENT ENTRUSTMENT

{¶4} The estate's assignment of error is that the trial court incorrectly granted summary judgment to Ms. Daugherty because there are genuine issues of material fact regarding whether she owned the car and whether she was negligent in entrusting it to Mr. Hale. In order to prove negligent entrustment, the plaintiff must show that "that the owner of the automobile had

knowledge of the driver's incompetence, inexperience or reckless tendency as an operator, or that the owner, in the exercise of ordinary care, should have known thereof from facts and circumstances with which he was acquainted." *Mt. Nebo Baptist Church v. Cleveland Crafts Co.*, 154 Ohio St. 185, paragraph two of the syllabus (1950). In this case, the parties have argued about whether Ms. Daugherty is the owner of the vehicle, but this Court need not address that issue. Even assuming that Ms. Daugherty was the owner of the car, there is no genuine issue of material fact regarding whether she knew or should have known that Mr. Hale was an incompetent, inexperienced, or reckless driver. See *id.*

{¶5} The lawyer for the estate cross-examined Mr. Hale at deposition with a copy of his driving record from the Ohio Bureau of Motor Vehicles. The evidence indicated that, prior to September 2007, Mr. Hale had accumulated a number of points against his license and had had it suspended five times. Two of the suspensions occurred while Mr. Hale was a juvenile, one was a warrant block, one was due to a failure to show proof of insurance when randomly selected to do so, and one was a court suspension. He had had four speeding tickets in less than five years, but was cited for only one prior motor vehicle collision. There was some suggestion during Mr. Hale's deposition that a notation on the official Bureau of Motor Vehicles record might mean that Mr. Hale's license was suspended for a period of time including September 2007 when these events took place. Mr. Hale testified, however, that if his license was suspended at that time, he was not aware of it, and he did not receive any citations relating to the fatal crash. Even if his license was suspended at the time, there is no evidence in the record suggesting that Ms. Daugherty knew or should have known that before she gave him the car.

{¶6} In support of its argument that Ms. Daugherty should have known that Mr. Hale was a reckless driver, the estate offered the testimony of Mr. Hale and his girlfriend, Brittany

Layton. Ms. Layton, testified that she knows Mr. Hale likes to speed and that, just before her grandmother helped him get the car, he had received two speeding tickets in rapid succession. At that time, Mr. Hale was living with Ms. Layton and her mother, Janet Seabold, within a mile of Ms. Daugherty's home. Mr. Hale testified that his poor driving record was a topic of conversation among his girlfriend's family members, especially at holiday gatherings. He said that Ms. Daugherty was present at those events so she must have known about his record. He explained that it was common knowledge in Ms. Daugherty's family that "[his driving] record wasn't that great." He also said, however, that, before he reviewed it at his deposition, even he was unaware of how bad his driving record was.

{¶7} Both Mr. Hale and Ms. Layton testified that, in the beginning of their relationship, Ms. Layton did all the driving for Mr. Hale because his license was suspended at that time. They both testified that Ms. Daugherty would have seen Ms. Layton driving him around, but acknowledged that they did not know whether Ms. Daugherty realized that Mr. Hale did not drive at all or understood why he did not drive during that time. Mr. Hale testified that he never told Ms. Daugherty about his tickets or suspensions, and she never asked him. Ms. Layton also said that she never told her grandmother about her boyfriend's poor driving record, but said that "[she] could almost guarantee[,]" based on "how [her] mom is[,]" that her mother would have told her own mother, Ms. Daugherty, about Mr. Hale getting two speeding tickets within a week. She did not, however, offer any evidence that Ms. Daugherty actually knew about the two recent speeding tickets.

{¶8} Ms. Daugherty denied having any knowledge of Mr. Hale's driving record before hearing about it at her deposition. She also testified that she did not know that her granddaughter used to drive Mr. Hale everywhere due to a license suspension. She testified that, prior to getting

the car for him, she asked him whether he had a license and proof of insurance, but she never asked about moving violations or suspensions. She said that, by September 2007, she had known Mr. Hale for several years and, having seen his current driver's license, believed he must be an experienced driver.

{¶9} The best evidence the estate presented regarding Ms. Daugherty's knowledge of Mr. Hale's driving record came from Ms. Layton. She testified that, sometime before her grandmother helped Mr. Hale get the car, she heard her mother tell her grandmother that Mr. Hale's license had been suspended at some time in the past "over [his] insurance" and that "it wasn't [his] fault." There was no indication that the suspension they discussed was a recent problem. In any event, a suspension for failure to show proof of insurance may indicate someone is willing to break the financial responsibility law, but it does not implicate his technical skill in operating a motor vehicle. Even viewing the evidence in a light most favorable to the estate, as is required at this stage, it does not create a genuine issue of material fact regarding whether Ms. Daugherty knew or should have known that Mr. Hale was an incompetent, inexperienced, or reckless driver. See *Mt. Nebo Baptist Church v. Cleveland Crafts Co.*, 154 Ohio St. 185, paragraph two of the syllabus (1950). Ms. Daugherty is entitled to judgment as a matter of law.

## CONCLUSION

{¶10} There is no genuine issue of material fact, and Ms. Daugherty is entitled to judgment as a matter of law. The judgment of the Lorain County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR

APPEARANCES:

MICHAEL J. DUFF, Attorney at Law, for Appellant.

TERRENCE J. KENNEALLY, Attorney at Law, for Appellee.