# CURRENT OHIO SUPREME COURT CASES
## Weekly Advance Abstract Opinions

### MOTION DOCK9T

17770—State of Ohio v. Abraham Auenbach. Motion by defendant for two weeks extension of time to file brief. Allowed in part.

17884—Emile Rankel v. Industrial Commission· of Ohio. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Sustained.

17905—The Industrial Commission v. Andrea Collela. Motion for an order directing the Court of Appeals of Summit county to certify its record. Overruled. See 17 Abs. 341.

17912—Charles Frye v. William Frye, etc., et al. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Overruled.

17923—The Importers & Exporters Insurance Co. v. Charles J. Ross. Motion for an order directing the Court of Appeals of Summit county to certify its record. Overruled.

17928—The T. & O. C. Ry. Co. v. Jesse Giha, doing business as G. T. Giha. Motion for an order directing the Court of Appeals of Lucas county to certify its record. Sustained.

17929—The Cleveland Ry. Co. v. Frank Arter. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Motion withdrawn.

17930—James C. Parks et al v. Anna Hamilton James. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled.

17931—Grace McGee v. Anthony Sigmund. Motion for an order directing the Court of Appeals of Highland county to certify its record. Sustained.

17950—N. J. Groby v. State of Ohio. Motion for leave to file petition in error to the Court of Appeals of Shelby county. Sustained.

---

### SYLLABI

No. 17635—State Tax Commission, exrel Price, v. Lamprecht, Admr., etc. Error· to the Court of Appeals of Cuyahoga county.

INHERITANCE TAX—Paid to Federal Government, are debts against estate, not subject to state inheritance tax.

MARSHALL, C. J.:

The Ohio state inheritance tax is a succession tax on the beneficial interest of each heir, legatee, devisee or other beneficiary of a decedent's estate, and in determining the value of the succession of. any such beneficiary the amount of the federal estate tax should first be deducted like other debts and expenses of administration.

Judgment affirmed.

Wanamaker, Robinson, Jones and Matthias, JJ., concur.

---

No. 17798—The State, exrel The Medical Centre Co., v. George Wallace, Clerk of the Court of Appeals, Cuyahoga County, Ohio. In Mandamus.

FORCIBLE ENTRY AND DETENTION—Jurisdiction of Court of Appeals fixed—(2) 1579-36 GC., so far as it affects error to from Cleveland Municipal Court is unconstitutional—(3) On error from any court of record; no leave to file can be required.

MARSHALL, C. J.:

1. The jurisdiction of the Court of Appeals i fixed by the constitution and the legislature may n add to or subtract from the jurisdiction thereof d fined in Section 6, Article IV of the Ohio Constitutio as amended in 1912.

2. Section 1579-36, General Code, in so far as operates as a restriction or limitation upon the juri diction of the Court of Appeals to review error pr ceedings from the Municipal Court for the city Cleveland, is unconstitutional and void.

3. Error may be prosecuted from actions in forc ble entry and detention from any court of record any county to the Court of Appeals of that count without leave of such Court of Appeals or any judg thereof, and it is the duty of the clerk of the Cou of Appeals to file a petition in error tendered by th unsuccessful party upon compliance with the statu tory procedure in such cases made and provided.

Writ allowed.

Wanamaker, Robinson, Jones, Matthias, Day a Allen, JJ., concur.

---

No. 17634—Charles T. Elliott v. Christine Hardin Error to the Court of Appeals of Butler county.

AUTOMOBILE—(1) May become a dangerous i strument, per se—Liability for damages whe owner entrusts machine to incompetent driver (2) Father entrusting to son, for purposes apa from his business, liability a jury question—( Question of combined negligence of both.

MARSHALL, C. J.:

1. While an automobile is not a dangerous instru ment per se, it may become such if operated by o who is unskilled in its use; and, where the owner e trusts such a machine to an inexperienced or incon petent person, liability for damages may arise.

2. Where a father entrusts his automobile to h son, a youth of fourteen years, unaccustomed to i use, for purposes wholly apart from any business enterprise of the father, the question of competen is one for the jury under proper instructions.

3. In such case the liability of the owner woul not rest upon ownership or agency, but upon the con bined negligence of the owner and driver—negligen of the father in entrusting the machine to an incon petent driver, and negligence of the son in its opera tion.

Judgment affirmed.

Wanamaker, Jones, Day and Allen, JJ., concu Matthias, J., concurs in the syllabus but not in th judgment.