For meaning of Abbreviations, See Ternary Digest. page XII.

### No. 486
### BROER CO. v. LOOP
No. 19762.   Supreme Court
On motion to certify.   Dock. Apr. 10, 1926.

**1235.   VERDICT—Where a clerk falls over a sample case placed in an aisle by a salesman of deefndant company, is it error for the court to refuse to direct a verdict for the company when th einjured party admits she could have seen the case if she had looked?**

This action was brought originally by Iva M. Loop in Lucas Common Pleas against The W. F. Broer Company for damages for personal injuries resulting from the alleged negligence of one of the company's salesmen in placing a sample case in the aisle of a store in which Loop was employed and over which she stumbled.

Loop was employed as a clerk in the Kapp jewelry store and while in the performance of her duties fell over a sample case which the jewelry salesman had placed at the end of a counter.

The evidence showed the store to be well lighted; that gray linoleum covered the floor; that the sample case was black, and Loop testified that if she had looked down she could have seen the case.

The Common Pleas entered judgment on the verdict for Loop, after refusing to direct a verdict for the company, which was affirmed by the Appeals.

The Company, in the Supreme Court, contends:

1. That the trial court erred in refusing to direct a verdict on the ground that

(a) There was no evidence of negligence on part of the salesman.

(b) Loop did not use ordinary care by failing to look where she was going.

**Attorneys**—Miller, Brady, Yager & Leidy, for Company; Fraser, Hiatt, Wall & Effler, for Loop; all of Toledo.

### No. 487
### BROWN v. MACKLIN
No. 19742.   Supreme Court
Motion to direct Mahoning Appeals to certify its record.   Dock. April 3, 1926.

**1177.   TORTS—Is father liable for tort of minor child using said father's automobile with his permission?**

Brown brings this action to set aside a judgment against him for injuries inflicted upon Macklin by Brown's son, said son driving father's car from school with his permission.

Mahoning Common Pleas, charged the jury that if Brown's son was driving home from school by permission of his father, the father was as a matter of law liable for the negligent acts of his son; the court further charged that as a matter of law if it appear from the evidence in the case that either Brown was guilty of negligence in entrusting his automobile to his son or that his son, was at the time the agent of his father then Brown is responsible in law for the negligence of his son.

This charge was affirmed in whole by Court of Appeals of Seventh District.

Brown contends in the Supreme Court:

1. There was no testimony in the case proving or tending to prove the relation of principal and agent. . . . . . so as to make him liable for the torts of his minor child, and the principle of "respondeat superior" does not apply to the facts in this case.

2. There was no evidence in this cause tending to prove negligence on the part of the father in entrusting the automobile to his son within the rule adopted by this court in Elliott v. Harding, 107 OS. 501.

**Attorneys**—Diser & Huey for Brown; Moore, Barnum & Hammond and R. A. Beard for Macklin; all of Youngstown.