## BUCKINGHAM *v.* GILBERT.

(Decided June 11, 1928.)

*Mr. Charles L. Hopping* and *Mr. Warren Gard,* for plaintiff in error.

*Mr. G. W. A. Wilmer,* for defendant in error.

MILLS, J.   Plaintiff in error, Marie Buckingham, who was plaintiff below, sued G. Austin Gilbert in the court of common pleas for damages for personal injuries caused by an automobile collision.   The petition averred that the collision was caused by the negligent operation of the defendant's automobile upon the public highway by the defendant's minor son, whom the defendant had "authorized, permitted, and directed" then and there to drive it, and that the son, because of his youth, unskillfulness, and want of experience, was so "incompetent" and so unfitted for driving as to be a menace to other travelers.

The answer of the defendant admitted the ownership of the car and the fact of the collision, but denied generally the other allegations of the petition, and alleged that the collision had been caused by the sole negligence of the driver of the car in which the plaintiff was riding.

At the close of the plaintiff's testimony in the trial below the court, on motion of the defendant, instructed a verdict for the defendant on the ground of a failure of proof that defendant's son was an incompetent driver.   Judgment was entered on that verdict, and the plaintiff claims that the trial court erred in granting the motion for an instructed verdict.   The determination of this question depends upon whether there is any evidence to sustain the material allegations of the petition.

The petition in this case, with its allegation that the defendant "directed" his son to drive the defendant's automobile upon the public highway,

should probably, under the liberal construction enjoined by our General Code, be considered as alleging that the son was acting as his father's agent at the time of the collision; but the petition in general lays emphasis upon the doctrine laid down by our Supreme Court in the case of *Elliott* v. *Harding,* 107 Ohio St., 501, 140 N. E., 338, 36 A. L. R., 1128, wherein the syllabus of the court reads as follows:

"1. While an automobile is not a dangerous instrument *per se,* it may become such if operated by one who is unskilled in its use; and, where the owner intrusts such a machine to an inexperienced or incompetent person, liability for damages may arise.

"2. Where a father intrusts his automobile to his son, a youth of 14 years, unaccustomed to its use, for purposes wholly apart from any business or enterprise of a father, the question of competency is one for the jury under proper instructions.

"3. In such case the liability of the owner would not rest upon ownership or agency, but upon the combined negligence of the owner and driver; negligence of the father in intrusting the machine to an incompetent driver, and negligence of the son in its operation."

It was in evidence that the plaintiff had been injured. There was evidence tending to show that her injuries had been caused by the negligent operation of the defendant's car by the defendant's son. There was evidence that the defendant had intrusted his automobile to his son to drive upon the public highway.

The husband of the plaintiff testified that the defendant had stated to him that "he owned the car, and had given the car to his son that night to go

somewhere to do something for him, * * * to go some place for him." This testimony tended to prove that the car was intrusted to the son. It also tended to prove agency, a relationship which, as we have said, was at least suggested by the petition.

The same witness testified that defendant, in discussing the accident, admitted that his son "was young; had not much experience." This testimony was some evidence of the incompetency of the son to drive.

We are of the opinion, therefore, that the record discloses some evidence to sustain each of the material allegations of the petition, and that under the *scintilla* rule, and the rule laid down in *Elliott* v. *Harding, supra,* the case should have gone to the jury. Holding that the trial court, therefore, erred in instructing a verdict for the defense, we reverse the judgment of the court of common pleas, and remand the case to that court for a new trial.

*Judgment reversed and cause remanded.*

HAMILTON, P. J., and CUSHING, J., concur.