Zimmerman, J.,
 

 dissenting. One Massey, driving a motor vehicle in Ohio belonging to the. defendant, Eclipse Motor Lines, Inc., (an interstate motor carrier of property operating in West Virginia, Pennsylvania, Ohio, Indiana and parts of New York), and placed in his possession by the defendant, ran into the plaintiff’s automobile and damaged it. The present action arose out of such incident and is based on the claim that defendant had wrongfully and negligently entrusted its vehicle to an unfit and intemperate person
 
 *476
 
 whose license to drive in Ohio had theretofore been revoked for “drunken driving.” A judgment on a verdict for plaintiff was affirmed by the Court of Appeals.
 

 At the trial, before the introduction of testimony, it was stipulated and agreed between opposing counsel that the damage to plaintiff’s automobile amounted to $875; that Massey was intoxicated at the time of the collision; and that the injury to plaintiff’s car was due solely to his, Massey’s, negligent conduct.
 

 The rule is now firmly established in many jurisdictions that where the owner of a motor vehicle entrusts it to a person whom the owner knows to be reckless, intemperate or incompetent, or where upon reasonable inquiry the owner could or should have so known, such owner is responsible for an injury which was a proximate result of the entrustment. Liability of the owner is predicated upon the combined negligence of the owner and the one to whom he has entrusted his vehicle ■ — negligence of the owner in entrusting the vehicle to an unfit person and negligence of that person in the operation of the vehicle.
 
 Priestly
 
 v.
 
 Skourup,
 
 142 Kan., 127, 45 P. (2d), 852, 100 A. L. R., 916;
 
 Owensboro Undertaking & Livery Assn.
 
 v.
 
 Henderson,
 
 273 Ky., 112, 115 S. W. (2d), 563;
 
 Rounds, Admr.,
 
 v.
 
 Phillips,
 
 168 Md., 120, 177 A., 174;
 
 Levy
 
 v.
 
 McMullen,
 
 169 Miss., 659, 152 So., 899;
 
 Guedon
 
 v.
 
 Rooney,
 
 160 Ore., 621, 635, 87 P. (2d), 209, 215, 120 A. L. R., 1298, 1306; 5 American Jurisprudence, 696, Section 355; 3-4 Huddy’s Cyclopedia of Automobile Law (9 Ed.), 78, Section 42
 
 et seq.\
 
 2 Restatement of Torts, 1058, Section 390.
 

 This principle has been recognized and applied in Ohio.
 
 Elliott
 
 v.
 
 Harding,
 
 107 Ohio St., 501, 140 N. E., 338, 36 A. L. R., 1128;
 
 Wery
 
 v.
 
 Seff,
 
 136 Ohio St., 307, 25 N. E. (2d), 692.
 

 And the owner is not absolved from liability because the irresponsible person to whom he has confided his
 
 *477
 
 motor vehicle disobeys instructions as to its management and use.
 
 Levy
 
 v.
 
 McMullen, supra; V. L. Nicholson Const. Co.
 
 v.
 
 Lane,
 
 177 Tenn., 440, 150 S. W. (2d), 1069.
 

 Within the rules stated, was the evidence introduced on the trial of this case of such a character as to present a jury question?
 

 It appears from the bill of exceptions that Massey was engaged by the defendant as a motor-truck driver on April 9, 1943. The defendant placed one of its motor vehicles in his possession, permitting him to keep it at his home in West Virginia. About two weeks after he entered the defendant’s service, Massey, while in an intoxicated condition and on a “frolic of his own,” and accompanied by his intoxicated father, according to the briefs of both plaintiff and defendant, drove the defendant’s vehicle against plaintiff’s automobile.
 

 It further appears that on May 19, 1942, in the Municipal Court of Steubenville, Ohio, Massey pleaded guilty to a charge of operating a motor vehicle while under the -influence of alcohol. As a part of his sentence, Massey’s license to drive was revoked for three years, and the license, with a notation of the revocation and the reason therefor, was transmitted to the Registrar of Motor Vehicles of the state of Ohio, where such information became a matter of public record, readily available to the defendant.
 

 One of the officers of the defendant testified that when Massey was hired he said he had a license to drive but that no further inquiry was made to ascertain the truthfulness of the statement. Since defendant carried on a part of its business in the state *of Ohio, the query naturally arises as to why Massey was not at least asked to exhibit his Ohio driving license. This could easily have led to the discovery of why he had none. Surely the duty rests on a public carrier to
 
 *478
 
 exercise reasonable diligence in choosing employees who are fit and qualified for the work they are to perform. See 13 Corpus Juris Secundum, 1272, Section 688.
 

 Upon the evidence, a minority of this court entertains the view that it was for the jury to say whether the defendant had wrongfully and negligently entrusted its motor vehicle to an unfit custodian and whether such entrustment was a proximate cause of the collision and resultant damage.
 

 The point is made in the majority opinion that Massey was not engaged on business of the defendant at the time of the collision, and that he was driving the vehicle for his own purposes, contrary to the defendant’s instructions. However, cursory inquiry by the defendant would have divulged that Massey had pleaded guilty to a charge of “drunken driving,” and as a result thereof had had his license to drive revoked for three years. Possessing that information, the defendant would have been warned that Massey was an improper person to be entrusted with a motor vehicle, and that by placing a vehicle in his keeping it was affording him the opportunity to repeat the offense of driving while under the influence of alcohol, with its attendant dangers.
 

 It is commonly known that many individuals, after imbibing too freely of intoxicating beverages, will drive about in a motor vehicle if any is available, regardless of orders; that they will seek the company of other convivial souls and invite them to ride, as did Massey; and that while driving in a drunken condition such persons are a menace to all who come within range of their activities.
 

 Counsel for plaintiff place reliance on Sections 6296-27, 6296-28, General Code, and other cognate sections, relating to the employment of an unlicensed person to operate a motor vehicle and prohibiting the
 
 *479
 
 owner of a motor vehicle from permitting it to be driven by one who has no legal right to do so. The trial court charged on those statutes and we think properly.
 

 Although the violation of statutes such as those cited would not in and of itself make the owner liable for injury occasioned by an unlicensed but otherwise qualified person in operating a motor vehicle entrusted to him
 
 (Orose
 
 v.
 
 Hodge Drive-It-Yourself Co., Inc.,
 
 132 Ohio St., 607, 9 N. E. [2d], 671, 111 A. L. R., 954; 5 American Jurisprudence, 588, Section 146); nevertheless where the owner knew, or in the exercise of ordinary care could or should have known, that the unlicensed person was unfit and disqualified to have charge of the vehicle, and injury occurs to another by that person’s negligent use of the instrumentality committed to him, the violation of the statutes by the owner would be a cause directly contributing to the injury and would constitute negligence on his part.
 

 For the reasons given we are of the opinion that the judgment of the Court of Appeals should be affirmed.
 

 Williams and Turner, JJ., concur in the foregoing dissenting opinion.