ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v.Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158. Plaintiff Harold Cohen argues that the municipal court erred by granting summary judgment for defendant Sobhy Khalil. We find no error in the court's decision and affirm its judgment.
 {¶ 2} In a complaint in the Cleveland Heights Municipal Court on June 13, 2002, Cohen alleged that on June 14, 2001, the vehicle he was operating was struck from behind by a vehicle allegedly owned by defendant Khalil and operated by defendant Elizabeth Hohenfeld-Kramer with Khalil's knowledge. Cohen alleged that his vehicle was damaged and that he was injured. Neither Khalil nor Hohenfeld-Kramer were insured. Cohen alleged that both defendants refused to compensate him for his losses, and demanded damages from them in the amount of $2138.30 for the damage to his automobile and $10,000 for his injuries. Khalil answered and cross-claimed for indemnity and contribution from Hohenfeld-Kramer.
 {¶ 3} Thereafter, Khalil moved the court to dismiss the complaint against him for failure to state a claim. Cohen responded to this motion with evidence, including a copy of Khalil's deposition transcript, a copy of the certificate of title to the vehicle allegedly owned by Khalil, correspondence from Khalil's former insurer, a printed page from a "Kelley Blue Book" computer web site, a traffic crash report, and copies of R.C. 4503.12 and 4509.51. The municipal court determined that the parties had presented matters outside the pleadings for the court's consideration, and therefore treated the motion as a motion for summary judgment rather than a motion to dismiss. The court found that Khalil sold the vehicle to Hohenfeld-Kramer on May 7, 2001,[1] but allowed her to use license plates issued to him on the vehicle after Khalil cancelled his insurance. The court found there was no evidence that Khalil was negligent or that any negligence proximately caused or contributed to Cohen's injuries. Therefore, the court found Khalil was entitled to judgment as a matter of law.[2]
 {¶ 4} We find that judgment for Khalil was appropriate even if we treat his motion as a motion to dismiss and do not consider the matters outside the pleadings presented by the parties. Accepting all facts alleged in the complaint as true, Cohen can prove no set of facts which would entitle him to recovery.
 {¶ 5} The complaint alleges that Khalil "knowingly permitted Elizabeth Hohenfeld-Kramer to operate a vehicle licensed to Sobhy Khalil," and "fail[ed] to maintain adequate financial responsibility on [the vehicle] in violation of ORC 4509.101." Although there is no allegation that Khalil was negligent in allowing Hohenfeld-Kramer to operate his vehicle, the complaint does allege that Hohenfeld-Kramer did not maintain insurance coverage as required by R.C. 4509.101. Reading the complaint broadly, therefore, we will presume that the complaint alleges that Khalil was negligent for allowing Hohenfeld-Kramer to operate the vehicle without insurance coverage.
 {¶ 6} The Hamilton County Court of Appeals' analysis of these issues in State Farm Ins. Cos. v. Wood (1989),58 Ohio App.3d 11, 12-13, is both persuasive and dispositive. "`The general rule applicable is that where the violation of a statute, enacted for the protection of the health and safety of the public, gives rise to liability for consequent damages, it is required that it be shown not only that there was a violation of such statute but also that such violation was a proximate cause of the injury claimed to have been sustained.'
 {¶ 7} "R.C. 4509.101(A)(1) provides that `[n]o person shall * * * permit the operation of * * * a motor vehicle in [Ohio] * * *, unless proof of financial responsibility is maintained with respect to that vehicle, or, in the case of a driver who is not the owner, with respect to his operation of that vehicle.' Assuming, without deciding, that [the plaintiff] could prove that the [defendant] violated R.C. 4509.101, we find that such violation was not the proximate cause of the damage suffered by [the plaintiff]. * * * We, therefore, hold that the trial court did not err when it dismissed the instant complaint because, on the state of that pleading, it appears beyond doubt that [the plaintiff] could prove no set of facts upon which it would be entitled to recover from the [defendant]. See O'Brien v.University Community Tenants Union (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus."
 {¶ 8} Therefore, the municipal court's judgment is affirmed.
McMonagle, P.J., and Gallagher, J., concur.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The court's judgment entry indicates that the sale took place in 2002. At oral argument, however, the parties agreed that this was a typographical error.
[2] The claim against defendant Hohenfeld-Kramer was settled and dismissed.