OPINION
{¶ 1} On August 6, 2001, appellants, Homer Lee and Lucy Ann Mercer, filed a complaint against appellee, Chrysler Corporation, pertaining to separate vehicles appellants had purchased. The complaint alleged violations of the Lemon Law (R.C. 1345.76), the Consumer Sales Practices Act (R.C. 1345.01 et seq.), negligence and fraud.[1] An amended complaint was filed on January 22, 2002, reasserting the same claims.
 {¶ 2} On February 19, 2002, appellee filed a motion to dismiss the complaint for failure to state a claim. By judgment entry filed April 22, 2004, the trial court granted the motion pursuant to Civ.R. 12(B)(6).
 {¶ 3} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court erred by dismissing plaintiffs' fraud claim pursuant to Civ.R. 12(B)(6) where plaintiffs have asserted facts under which they would be entitled to recover."
 II {¶ 5} "The trial court erred by dismissing plaintiffs' negligence claim pursuant to Civ.R. 12(B)(6) where plaintiffs have asserted facts under which they would be entitled to recover."
 III {¶ 6} "The trial court erred by dismissing plaintiffs' consumer sales practices act claim pursuant to Civ.R. 12(B)(6) where plaintiffs have asserted facts under which they would be entitled to recover."
 {¶ 7} The trial court dismissed the complaint pursuant to Civ.R. 12(B)(6), "failure to state a claim upon which relief can be granted." Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greely v. Miami Valley Maintenance Contrs. Inc. (1990),49 Ohio St.3d 228. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,65 Ohio St.3d 545, 1992-Ohio-73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd. v. Faber
(1991), 57 Ohio St.3d 56.
 {¶ 8} It is with this standard of review that we will examine the three assignments of error.
 I {¶ 9} Appellants claim the trial court erred in dismissing their fraud claims, Count 4 of the amended complaint, for failure to state a claim upon which relief may be granted. We agree.
 {¶ 10} In Burr v. Board of County Commissioners of Stark County
(1986), 23 Ohio St.3d 69, paragraph two of the syllabus, the Supreme Court of Ohio found the elements of fraud to be as follows:
 {¶ 11} "(a) a representation or, where there is a duty to disclose, concealment of a fact,
 {¶ 12} "(b) which is material to the transaction at hand,
 {¶ 13} "(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,
 {¶ 14} "(d) with the intent of misleading another into relying upon it,
 {¶ 15} "(e) justifiable reliance upon the representation or concealment, and
 {¶ 16} "(f) a resulting injury proximately caused by the reliance. (Cohen v. Lamko, Inc. [1984], 10 Ohio St.3d 167, 462 N.E.2d 407, followed.)"
 {¶ 17} In addition, Civ.R. 9(B) states, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."
 {¶ 18} In its judgment entry of April 22, 2004, the trial court found as to the fraud claims that appellants "have not alleged the existence of any statement or representation made" by appellee.
 {¶ 19} Appellee argues the averments of the amended complaint failed to meet the heightened standard set forth in Civ.R. 9(B). We disagree with this assertion for the following reasons.
 {¶ 20} In reviewing the amended complaint as a whole, we find fraud averments have been made. In ¶ 9 and 10, appellants claimed that under R.C. 1345.76(A)(2), appellee was required to disclose lemon law buyback vehicles to appellants. Such disclosures are to be made prior to sale. Pursuant to ¶ 19, 20, 21 and 22, appellants claimed no such affirmative representations were made. Paragraph 25 claims appellants would not have purchased the vehicles if such disclosures had been made. Appellants specifically claimed appellee's omissions were material to their respective decisions to purchase the vehicles, and they relied on the lack of assertions by appellee in making the purchases. See, ¶ 45-48. Paragraphs 26 and 50 claim appellants were monetarily damaged by appellee's failure to disclose.
 {¶ 21} We find a material omission can result in detrimental reliance and injury just as much as a specific false or misleading statement. Therefore, we conclude that under a strict Civ.R. 12(B)(6) standard, appellants have met their burden and have stated claims for fraud.
 {¶ 22} Upon review, we find the trial court erred in dismissing Count 4 of appellants' complaint.
 {¶ 23} Assignment of Error I is granted.
 II {¶ 24} Appellants claim the trial court erred in dismissing their negligence claim, Count 2 of the amended complaint, for failure to state a claim upon which relief may be granted. Specifically, appellants claim the trial court erred in finding a tort action does not arise under an R.C. 1345.76 violation. We disagree.
 {¶ 25} Appellee argues the economic loss doctrine is not applicable under a pure statutory violation where there is no injury to persons or damage to property. In support, appellee cites the case of ChemtrolAdhesives, Inc. v. American Mfrs. Mut. Ins. Co. (1989), 42 Ohio St.3d 40, paragraph two of the syllabus, wherein the Supreme Court of Ohio held the following:
 {¶ 26} "A commercial buyer seeking recovery from the seller for economic losses resulting from damage to the defective product itself may maintain a contract action for breach of warranty under the Uniform Commercial Code; however, in the absence of injury to persons or damage to other property, the commercial buyer may not recover for economic losses premised on tort theories of strict liability or negligence."
 {¶ 27} We find Chemtrol states the law of Ohio on the issue of economic losses and therefore we concur with the trial court's dismissal of Count 2 for failure to state a claim upon which relief may be granted.
 {¶ 28} Assignment of Error II is denied.
 III {¶ 29} Appellants claim the trial court erred in dismissing their Consumer Sales Practices Act claim, Count 3 of the amended complaint, for failure to state a claim upon which relief may be granted. Specifically, appellants claim the trial court erred in finding this claim was barred by the two year statute of limitations. We agree in part.
 {¶ 30} Appellants' Consumer Sales Practices Act claim is premised on a violation of R.C. 1345.76 which governs notice to consumers regarding buyback vehicles. Appellants' sales took place on February 8, 1999 and May 3, 1998. The complaint was filed August 6, 2001, well beyond the two year statute of limitations set forth in R.C. 1345.10(C). Therefore, the trial court was correct in dismissing appellants' claims for damages under Count 3. However, if a private remedy is pursued for rescission of the transaction, the discovery rule applies:
 {¶ 31} "In any action for rescission, revocation of the consumer transaction must occur within a reasonable time after the consumer discovers or should have discovered the ground for it and before any substantial change in condition of the subject of the consumer transaction." R.C. 1345.09(C).
 {¶ 32} Appellee argues the amended complaint did not aver that the vehicles were buybacks. However, a liberal reading of ¶ 19-24 and 36, do in fact infer the vehicles were buybacks.
 {¶ 33} In ¶ 44, appellants requested the remedies available under R.C. 1345.09. Because the discovery rule applies, as cited supra, we find without further evidence developed under a summary judgment standard, it was premature to dismiss Count 3 without evidence on reasonable time to discover.
 {¶ 34} Upon review, we find the trial court erred in dismissing the rescission issue in Count 3 as being time barred.
 {¶ 35} Assignment of Error III is denied in part and granted in part.
 {¶ 36} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part and reversed in part.
Farmer, J. Boggins, P.J. and Hoffman, J. concur.
[1] Class action certification was also sought. The trial court ultimately denied class certification, but this issue is not before this court.