OPINION
{¶ 1} Appellants, Brian and Tammy Hundemer, appeal a decision of the Clermont County Court of Common Pleas granting appellee, Jamie Holland, summary judgment on Hundemers' claims of negligence.[1] For the reasons that follow, we affirm the decision of the trial court. *Page 2 
 {¶ 2} On the afternoon of September 28, 2004, appellant Brian Hundemer was driving his pickup truck eastbound on State Route 32 in Williamsburg. Angela Partin was driving a Honda Accord southbound on McKeever Road. At the intersection of McKeever Road and State Route 32, Partin stopped at the stop sign and observed no oncoming traffic. She pulled her vehicle into the intersection and drove across the westbound lanes of traffic. Having observed no traffic heading eastbound, she continued across the eastbound lanes. Her vehicle struck Mr. Hundemer's pickup truck, causing it to leave the road, hit a road sign, and roll over. Mr. Hundemer suffered serious injuries including permanent paralysis.
 {¶ 3} Approximately one week prior to the accident, Partin had made a down payment to purchase the Honda Accord from appellee, Jamie Holland. Appellee had allowed Partin to drive the vehicle with the understanding that she would complete payment for it at a later date. The accident reports indicate that Partin had not paid for the car in total at the time of the accident. Title to the vehicle was held in appellee's name.
 {¶ 4} In addition to claims against Partin, appellants brought claims against appellee for negligence on the theories of negligent entrustment and negligence per se. Appellee filed a motion for summary judgment under Civ.R. 56, which the trial court granted. This appeal follows. Appellants state as their sole assignment of error that the trial court improperly granted summary judgment on their claims against appellee.
 {¶ 5} A trial court's decision on summary judgment is reviewed de novo. Burgess v. Tackas (1998), 125 Ohio App.3d 294, 296. Summary judgment is appropriate "when looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party." Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679, 1995-Ohio-286, paragraph three of the syllabus; Civ.R. 56. *Page 3 
 {¶ 6} In Ohio, under the theory of negligent entrustment, "[t]he owner of a motor vehicle may be held liable for an injury to a third person upon the ground of negligence if the owner knowingly, either through actual knowledge or through knowledge implied from known facts and circumstances, entrusts its operation to an inexperienced or incompetent operator whose negligent operation results in the injury." Gulla v.Straus (1950), 154 Ohio St. 193, paragraph three of the syllabus. In order to be successful on a claim under the theory of negligent entrustment, the plaintiff must show "that the motor vehicle was driven with the permission and authority of the owner; that the entrustee was in fact an incompetent driver; and that the owner knew at the time of the entrustment that the entrustee had no driver's license, or that he was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply knowledge on the part of the owner of such incompetency." Gulla at paragraph five of the syllabus.
 {¶ 7} The trial court found that appellant failed to establish a genuine issue of material fact regarding appellee's knowledge of Partin's competence to drive the vehicle because no evidence was presented to support a finding that appellee had any knowledge, actual or implied, of Partin's alleged incompetence at the time of the entrustment. Appellant argues that the trial court improperly arrived at this conclusion, pointing to case law in Ohio that states that a young entrustee unfamiliar with the vehicle may be considered incompetent. SeeElliott v. Harding (1923), 107 Ohio St. 501, 507; Buckingham v.Gilbert (1928), 29 Ohio App. 216, 219. Appellants point out that appellee was aware that Partin was only 18 years old at the time of the entrustment and had never driven the vehicle before.
 {¶ 8} The case at bar is distinguishable from the cases cited by appellants in support of their proposition. Both Elliott andBuckingham involved children at the young age of 14. Appellee, however, knew appellant to be 18 at the time of the entrustment. This is not the "tender age" to which prior decisions are referring. See, e.g.,Vouvoudakis v. Papalios, (May *Page 4 
31, 1996), Trumbull App. No. 95-T-5311, 1996 WL 297000 (finding 18-year-old driver not to be incompetent). Further, bothElliott and Buckingham involve cases where the entrustee had minimal, if any, driving experience. Deposition testimony indicates that appellee saw Partin driving around town prior to the entrustment. Appellants have failed to furnish evidence sufficient to present a genuine issue of material fact regarding Partin's competence to drive the vehicle at the time it was entrusted. Further, appellants have similarly failed to present a genuine issue of material fact regarding Holland's knowledge of Partin's alleged incompetence.
 {¶ 9} We note that several Ohio negligent entrustment cases use the phrase "should have known" when discussing the knowledge standard outlined by the Ohio Supreme Court in Gulla. See, e.g., Evans v.Sayers, Ross App. No. 04CA2783, 2005-Ohio-2135, ¶ 14. We believe that in these cases, the phrase "should have known" is used colloquially to mean that the person was aware of circumstances that would cause a reasonable person to believe a fact. See, e.g., Maryland Insurance Group v.Scupholm (June 28, 1995), Summit App. No. 17062, 1995 WL 404980 at *2; see, also, Vouvoudakis v. Papalios, 1996 WL 297000 at *3, citingGulla at 198 ("as an element of a negligent entrustment claim, that there be actual knowledge of the incompetence of the bailee [Partin] or knowledge of incompetence implied from known facts"). Indeed,Gulla states "[t]o impose liability in other cases, where the incompetency of the entrustee is not apparent to the entruster of the motor vehicle at the time of its entrustment, it must be affirmatively shown that the entruster had at that time knowledge of such facts and circumstances relating to the incompetency of the entrustee to operate the motor vehicle as would charge the entruster with knowledge of such incompetency." Gulla at 199-200. This does not equate to appellants' arguments that appellee should have known of Partin's alleged incompetence because he had a duty to inquire as to her driving record and to determine whether she was insured. The common law *Page 5 
doctrine of negligent entrustment does not create duties in the bailor [appellee] to inquire as to the bailee's [Partin's] qualifications. See id. Rather, it provides a remedy when a bailor [appellee], with actual or implied knowledge of the bailee's [Partin's] incompetence, negligently proceeds with the bailment. In the case at bar, appellants have failed to present any evidence that appellee had knowledge, actual or implied by the known circumstances, of Partin's alleged incompetence. With respect to the negligent entrustment claim, the trial court's decision to grant summary judgment was not in error.
 {¶ 10} Although styled under the heading of "Negligent Entrustment," appellants' complaint can be read as alleging claims of negligence per se. A claim for negligence per se exists "[w]here a legislative enactment imposes upon any person a specific duty for the protection of others, and his neglect to perform that duty proximately results in injury to such another." Eisenmuth v. Moneyhon (1954), 161 Ohio St. 367, paragraph three of the syllabus. Appellants claim that negligence per se is applicable in this case because appellee, as the owner of the vehicle, was required under R.C. 4509.101(A)(1) to maintain insurance on it. The trial court stated that summary judgment was appropriate on this issue because it determined that there was no proximate causation between appellee's failure to maintain insurance on the vehicle and appellants' injuries.
 {¶ 11} There is a split in decisions in Ohio regarding whether a negligence per se claim can be made for failure to comply with R.C.4509.101(A)(1), which requires that "[n]o person shall operate, or permit the operation of, a motor vehicle in this state, unless proof of financial responsibility is maintained continuously throughout the registration period with respect to that vehicle, or, in the case of a driver who is not the owner, with respect to that driver's operation of that vehicle." See, e.g., Grange Mutual Casualty Co. v. Martin (Sept. 18, 1990), Tuscarawas App. No. 90AP020011, 1990 WL 139734; Fontaine v.Hairston (Feb. 10, 2000), Franklin App. No. 99AP-625, 2000 WL 145074 at *4. The Ohio Supreme Court has *Page 6 
stated, "[w]here there exists a legislative enactment commanding or prohibiting for the safety of others the doing of a specific act and there is a violation of such enactment solely by one whose duty it is to obey it, such violation constitutes negligence per se." Eisenhuth v.Moneyhon (1954), 161 Ohio St. 367, 367. The reason for the rule is that "[t]he violation of any specific legislative enactment[,] * * * for the protection of private persons[,] is of itself such a breach of duty as to constitute negligence." Id. at 372 (citations omitted). Courts have considered multiple issues regarding the use of negligence per se to recover damages under the financial responsibility statute.
 {¶ 12} One issue that has been raised is whether there is a private cause of action under the financial responsibility statute. InMartin, 1990 WL 139734 at *1, the appellant appealed the trial court's dismissal of a negligence per se claim under the financial responsibility statute. The trial court found that the General Assembly had intended that the civil penalties imposed by the statute be exclusive and prohibited any additional liability under the statute. Id. at *2. The Fifth District Court of Appeals affirmed the decision of the trial court, quoting former R.C. 4509.101(K), now R.C. 4509.101(J), which reads: "The purpose of this section is to require the maintenance of proof of financial responsibility with respect to the operation of motor vehicles on the highways of this state, so as to minimize those situations in which persons are not compensated for injuries and damages sustained in motor vehicle accidents. The general assembly finds that this section contains reasonable civil penalties and procedures for achieving this purpose." Martin at *2. The court noted the appellant's reliance on the first sentence of the statute, which placed the appellant squarely within the class of individuals the General Assembly intended to protect. Id. However, the court emphasized the second sentence of the section to support its finding that the civil penalties outlined in the statute were exclusive and additional liability was prohibited. Id.
 {¶ 13} The second sentence of the statute, cited by the court inMartin to support the *Page 7 
reasoning of its decision, does not appear to require this conclusion under well-developed negligence per se jurisprudence. The purpose in identifying negligence as a matter of law is not to allow recovery under the statute. Indeed, penal statutes, from which the legislature does not intend civil liabilities to arise, may be the basis of negligence per se claims. See Schell v. DuBois (1916), 94 Ohio St. 93, 99. The statute itself does not impose any liability. Rather, the statute is recognized as establishing the requisite level of care, which it obviates the necessity of proving. Eisenhuth, 161 Ohio St. at 373; Schell at 99.
 {¶ 14} At least two courts have reached decisions squarely in opposition with the decision in Martin. In Fontaine, 2000 WL 145074 at *4, the Tenth District Court of Appeals stated as to this issue, "[s]imply because the legislature has set forth penalties for violation of R.C. 4509.101(A)(2) does not mean a person could not be found negligent per se and subsequently liable for any damages arising out of a violation of R.C. 4509.101(A)(1)." The Fourth District Court of Appeals reached a similar conclusion in Bobb Chevrolet, Inc. v.Dobbins (Aug. 20, 2002), Ross App. No. 01CA2621, 2002 WL 1922115 at fn. 2. The court stated that it agreed with the Tenth District's decision inFontaine and noted that "negligence liability does not constitute a penalty, but rather an obligation arising from a breach of duty." Because we resolve this case on a different legal basis, we decline to take a position on this issue.
 {¶ 15} An argument has been raised as to whether proximate causation can be proved between appellee's failure to maintain financial responsibility and appellants' injuries. The trial court in the case at bar addressed this issue in its decision to grant summary judgment. The trial court below cited State Farm Ins. Cos. v. Wood (1989),58 Ohio App.3d 11, in which the First District Court of Appeals concluded that the cause of action under the financial responsibility act could not be maintained because the plaintiff could not show that the defendant's per se negligence was the proximate cause of the injuries sustained. The court *Page 8 
in Wood did not elaborate on which injuries were relevant to its analysis. In Cohen v. Hohenfeld-Kramer, Cuyahoga App. No. No. 83517,2004-Ohio-2397, ¶ 7, the Eighth District Court of Appeals reached the same conclusion, citing Wood as precedent without additional analysis.
 {¶ 16} However, Ohio appellate courts are not in agreement on this matter. In Fontaine, 2000 WL 145074 at *4, the Tenth District reached the opposite conclusion. The court specifically found that the compensable injury under the statute is the inability to be compensated to the extent required under law. The court reasoned that the claim was for negligently failing to comply with the statute rather than negligence in causing the actual collision.
 {¶ 17} Application of the few existing cases regarding the financial responsibility act is troublesome for a number of reasons. The first issue that must be addressed is whether the statute is one under which a person may be found to be negligent as a matter of law.Fontaine found explicitly that the financial responsibility statute gives rise to a negligence per se claim. Fontaine, 2000 WL 145074 at *4. The court stated, "[t]he duty prescribed in R.C. 4509.101(A)(1) is specific — proof of financial responsibility must be maintained. Further, the legislature has commanded such act for the safety of others." Id. The court cited the provision of the statute regarding the legislature's intent to protect injured individuals from the inability to recover in support of this proposition.
 {¶ 18} An individual claiming negligence per se under this statute will always be claiming some economic loss resulting from the failure to comply. It is apparent such a person is a member of the class of persons intended to be protected by this statute. However, this is insufficient to make a negligence per se claim. The Ohio Supreme Court has stated that the statute must be implemented for the protection of the injured person in order for the alleged tortfeasor to be found negligent as a matter of law for failing to comply *Page 9 
with it. Eisenhuth, 161 Ohio St. at 367. In discussing this protection, cases frequently use the word "safety." See, e.g., id. at 372.Fontaine recognized this fact when it stated that "the legislature has commanded such act for the safety of others." Fontaine at *4. However, the Fontaine court does not provide any analysis for its conclusion that the legislature has commanded financial responsibility "for the safety of others." See id. The statute by its own terms does not support this conclusion. It specifically states that its purpose is to minimize situation in which persons are not compensated. This is economic injury, to which negligence per se has not historically applied.
 {¶ 19} Furthermore, appellants fail to state actionable negligence. Ohio follows the economic loss rule. See Corporex Dev. Constr. Mgt.,Inc. v. Shook, Inc., 106 Ohio St.3d 412, 2005-Ohio-5409, ¶ 6. The economic loss rule states that "`a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable.'" Id., quotingChemtrol Adhesives, Inc. v. American Mfrs. Mut. Ins. Co. (1989),42 Ohio St.3d 40, 44. In order to be able to recover under a negligence theory, a plaintiff must be able to show injury to persons or damage to tangible property. See, e.g., Lee v. Chrysler Corp., Stark App. No. 2004CA00164,2005-Ohio-742, ¶ 24-28. The only injuries that appellants sustained that were proximately caused by appellee's failure to comply with the financial responsibility statute were economic. Because the statute provides only economic protection, even if appellants were permitted to prove that appellee was negligent as a matter of law under the statute, they would be unable to prove compensable injury.
 {¶ 20} This creates a conundrum under Ohio case law. If the inability to recover under the statute is the injury, as the court inFontaine reasoned, the injury is purely economic and the claim is prohibited under the economic loss rule. See Corporex. On the other hand, if the accident itself is the injury, we agree with the appellate court decisions in State Farm Ins. *Page 10 Cos. v. Wood (1989), 58 Ohio App.3d 11, and Cohen v.Hohenfeld-Kramer, Cuyahoga App. No. No. 83517, 2004-Ohio-2397, ¶ 7, that the failure to maintain insurance in compliance with the statute is not the proximate cause of the injury sustained by appellants. The proximate cause of an injury is "that which in a natural and continued sequence contributes to produce the result, without which it would not have happened." City of Piqua v. Morris (1918), 98 Ohio St. 42, paragraph one of the syllabus. Appellants suffered tragic injuries to person and tangible property as a result of Partin's negligence. Appellee's failure to maintain financial responsibility insurance on the automobile was not the efficient cause of appellants' injury and had no causal connection with it. See Gulla, 154 Ohio St. at 198.
 {¶ 21} Because the negligence theory outlined by the Tenth District inFontaine is not actionable under Ohio law due to operation of the economic loss rule, appellants are unable to show that the alleged negligence of appellee is the proximate cause of any compensable injury. As such, the trial court did not err in granting summary judgment with respect to the negligence per se claim.
 {¶ 22} For the reasons stated above, appellants' sole assignment of error is not well-taken, and is overruled.
 {¶ 23} Judgment affirmed.
YOUNG, P.J., and BRESSLER, J., concur.
[1] Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion. *Page 1