[Cite as *M.M. v. M.F.*, 2020-Ohio-5082.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| M.M., ET AL., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 108957 |
| v. | : | |
| M.F., ET AL., | : | |
| Defendants-Appellees. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 29, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-903980

*Appearances:*

McCarthy, Lebit, Crystal & Liffman Co., L.P.A., Christian R. Patno, and Colin R. Ray, *for appellant* M.M.

David L. Lash, *for appellant* W.A.

Williams, Moliterno & Scully Co., L.P.A., and Christina N. Williams, *for appellee* M.F.

RAYMOND C. HEADEN, J.:

{¶ 1} Plaintiffs-appellants M.S.M. ("M.M.") and W.A. (collectively, "Appellants") appeal from the trial court's granting of defendant-appellee M.F.'s motion for summary judgment. For the reasons that follow, we affirm.

**Procedural and Substantive History**

{¶ 2} Several days prior to June 7, 2017, M.F. loaned her car, a Mazda 626 ("the Mazda"), to her daughter J.R. J.R. and her husband had three teenage children and the family was temporarily in need of an extra vehicle for the children. The Mazda was a sedan equipped with five seatbelts.

{¶ 3} On June 7, 2017, J.R.'s daughter S.R. asked her parents if she could borrow a car to drive to a friend's house. J.R. told S.R. that she could take the Mazda. Later that evening, S.R. was driving with five of her friends when she lost control and crashed into two trees. S.R. and three of her passengers were not seriously injured. 16-year-old passenger S.A., W.A.'s daughter, sustained serious injuries, including facial fractures, as a result of the crash. 16-year-old passenger K.M., M.M.'s daughter, was ejected from the vehicle and killed.

{¶ 4} At the time of the incident, S.R. had had her probationary driver's license for approximately three weeks, and was, therefore, subject to the restrictions enumerated in R.C. 4507.071. S.R. admitted to driving over the speed limit and listening to loud music at the time of the crash.

{¶ 5} On September 19, 2018, M.M., individually and as administrator of the estate of K.M., filed a complaint against M.F. and State Farm Mutual Automobile

Insurance Company ("State Farm"). M.M. brought a negligent entrustment claim against M.F., and a breach of contract claim against State Farm.

{¶ 6} On January 9, 2019, W.A. filed a motion to intervene. The court granted this motion, and on January 17, 2019, W.A. filed an intervening complaint, bringing an identical negligent entrustment claim against M.F.

{¶ 7} On April 2, 2019, State Farm filed a motion for summary judgment. On June 3, 2019, the court granted State Farm's motion for summary judgment as to the breach of contract claim.[1]

{¶ 8} On May 20, 2019, M.F. filed a motion for summary judgment. In support of her motion for summary judgment, M.F. relied primarily on deposition testimony from herself, S.R., and J.R. On July 12, 2019, M.M. filed a brief in opposition. On August 16, 2019, the trial court granted M.F.'s motion for summary judgment.

{¶ 9} M.M. and W.A. both appealed, and this court granted their joint motion to join appeals. Appellants present two assignments of error for our review.

**Law and Analysis**

{¶ 10} In their first assignment of error, Appellants argue that the trial court committed reversible error in granting summary judgment to M.F. because genuine issues preclude summary judgment. In their second assignment of error, Appellants

---

[1] Because Appellants did not appeal from this judgment, State Farm is not a party to this appeal.

argue that the trial court erred in failing to consider their arguments regarding secondary entrustment and other negligence theories of liability.

{¶ 11} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We accord no deference to the trial court's decision and conduct an independent review of the record to determine whether summary judgment is appropriate.

{¶ 12} Under Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party, entitling the moving party to judgment as a matter of law. On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate their entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

{¶ 13} If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. Summary judgment is appropriate if the nonmoving party fails to meet this burden.

{¶ 14} To prevail on a negligent entrustment claim involving the operation of a motor vehicle, a plaintiff must show (1) that the vehicle was operated with

permission of the owner; (2) that the driver of the vehicle was incompetent to operate it; and (3) that the owner of the vehicle knew — either through actual knowledge or through knowledge implied from known facts at the time of the entrustment — that the driver was unqualified or incompetent to operate the vehicle. *Rieger v. Giant Eagle, Inc.*, 157 Ohio St.3d 512, 2019-Ohio-3745, 138 N.E.3d 1121, ¶ 17, citing *Gulla v. Straus*, 154 Ohio St. 193, 194, 93 N.E.2d 662 (1950). The plaintiff must also show that the owner's negligent entrustment caused the plaintiff's injury. *Id.*, citing *Safeco Ins. Co. of Am. v. White*, 122 Ohio St.3d 562, 2009-Ohio-3718, 913 N.E.2d 426, ¶ 36. The failure to prove any of these elements is fatal to a negligent entrustment claim. *Id.*

{¶ 15} Appellants argue that M.F. negligently entrusted her vehicle to S.R., and that M.F. knew or should have known that S.R. was an incompetent driver. In response, M.F. argues that she entrusted the Mazda to J.R., not S.R., and there is no evidence to support a finding that S.R. was operating the Mazda with M.F.'s permission. Therefore, M.F. submits that based on the holding in *Rogers v. Kazee*, 10 Ohio App.3d 139, 141, 460 N.E.2d 1149 (10th Dist.1983), the proper inquiry is whether the initial entrustment to J.R. was negligent.

{¶ 16} Further, M.F. argues that there is no evidence that S.R. was incompetent, and similarly that there is no evidence that M.F. knew or should have known of this alleged incompetence. After reviewing the record, we find no basis upon which to conclude that the trial court erred in granting M.F.'s motion for summary judgment.

## I. Negligent Entrustment

### A. The Entrustment

{¶ 17} As an initial matter, Appellants' negligent entrustment claim is premised on the conclusion that M.F. entrusted the Mazda to S.R. This is unsupported by the record. Appellants assert that when M.F. entrusted the Mazda to her daughter's family, she knew or should have known that S.R. would use the vehicle. Contrary to this assertion, M.F. testified that when she entrusted the Mazda to J.R., she did not expect that S.R. would be driving the vehicle. Further, M.F. was not even aware that S.R. had ever driven the Mazda prior to the night of the accident. S.R. only obtained express permission to drive the vehicle from her parents several days after the Mazda's entrustment.

{¶ 18} Appellants point to facts in the record regarding the purpose of the entrustment and M.F.'s close relationship with her daughter and grandchildren. The record reflects that the reason J.R.'s family needed an additional vehicle at the time of the accident was that her children had different final exam schedules at different locations.

{¶ 19} Appellants are correct that the record reflects that M.F. was aware of these circumstances. The record also directly undermines Appellants' argument, however, because M.F. testified in her deposition that when she loaned the Mazda to J.R., she imagined that S.R.'s brothers would use the vehicle but never contemplated that S.R. would drive the Mazda because she had so recently started

driving. M.F. specifically stated that she "never even thought of [S.R.] driving" the Mazda because she had so recently gotten her license.

{¶ 20} Likewise, the record reflects that at the time of the entrustment, J.R. also had not contemplated that S.R. would use the Mazda. Instead, J.R. explained that her intention in borrowing the Mazda was for her other children to be able to take the car to their final exams. In light of the foregoing, Appellants have not presented evidence creating a genuine issue of material fact as to the first element of their negligent entrustment claim.

### B. S.R.'s Alleged Incompetence

{¶ 21} Even if the record contained evidence that M.F. had entrusted the Mazda to S.R., or had reason to know that S.R. would use the Mazda, summary judgment in M.F.'s favor was still appropriate. With respect to the second element of their negligent entrustment claim, Appellants have failed to present any evidence indicating that S.R. was an incompetent driver, much less that M.F. had any knowledge of such alleged incompetence at the time of the entrustment.

{¶ 22} In support of their argument that S.R. was an incompetent driver, Appellants point out that she was a new driver and she was driving approximately 50 m.p.h. in a 25 m.p.h. residential zone at the time of the accident. Further, S.R. allowed six occupants in the Mazda, despite the vehicle being equipped with only five seatbelts. Appellants also point to S.R.'s deposition testimony, in which she acknowledged that she did not appreciate the true risks of driving and drove in excess of the speed limit an average amount. Finally, Appellants emphasize that an

issue of material fact exists regarding whether S.R.'s youth or "tender age" caused the crash.

{¶ 23} As an initial matter, there is no dispute that S.R.'s driving at the time of the accident in this case was reckless. Based on the elements of negligent entrustment as laid out above, however, this has no bearing on our analysis of S.R.'s alleged incompetence here. The relevant inquiry is whether S.R. was incompetent *at the time of the entrustment.*

{¶ 24} Possession of a valid driver's license is indicative of minimal competence, although it does not make the license holder per se competent. *Community Mut. Ins. Co. v. Kaczmarski*, 6th Dist. Lucas No. L-97-1220, 1998 Ohio App. LEXIS 1830, 11 (May 1, 1998). Appellants argue that although S.R. had a probationary license, the facts of this case regarding her youth, inexperience driving generally, and inexperience driving the Mazda support a conclusion that she was incompetent.

{¶ 25} "The tender age of a driver alone is not enough to demonstrate that the driver is incompetent" in the context of a negligent entrustment claim. *Pfund v. Ciesielczyk*, 84 Ohio App.3d 159, 164, 616 N.E.2d 560 (6th Dist.1992). Rather, the tender age of a driver, together with some evidence that they were unskilled in driving or unfamiliar with the vehicle *may* support a conclusion that the driver was incompetent. *Id.*, citing *Elliott v. Harding*, 107 Ohio St. 501, 502, 140 N.E. 338 (1923); *Buckingham v. Gilbert*, 29 Ohio App. 216, 219, 163 N.E. 306 (12th Dist.1928); and *Fleming v. Hannan*, 8th Dist. Cuyahoga No. 11435, 1931 Ohio Misc.

LEXIS 1351, 4 (May 4, 1931). Unlike the cases cited by Appellants, there is no evidence in this case that S.R. was incompetent independent of her age.

{¶ 26} Appellants argue that the only thing preventing S.R. from having multiple speeding tickets and reckless operation violations is the limited amount of time she had been driving and "mere chance." Appellants rely on S.R.'s deposition testimony, in which she stated that she probably drove in excess of the speed limit "an average amount."

{¶ 27} Ohio courts have held that "[i]solated incidents of failing to obey traffic laws * * * generally will not establish incompetence" for purposes of negligent entrustment claims. *Hoff v. Minder*, 4th Dist. Washington No. 13CA31, 2014-Ohio-3491, ¶ 13, citing *Marcum v. White*, 4th Dist. Lawrence No. 1928, 1990 Ohio App. LEXIS 3820 (Aug. 22, 1990); *Cincinnati Ins. Co. v. Watson*, 10th Dist. Franklin No. 88AP-898, 1989 Ohio App. LEXIS 723 (Mar. 2, 1989); and *Adkins v. Wright*, 11th Dist. Ashtabula No. 1285, 1987 Ohio App. LEXIS 8988 (Sept. 30, 1987). Rather, a plaintiff must show that the incompetence is "pervasive" to establish a triable issue. *Id.*, citing *Bowlander v. Ballard*, 6th Dist. Sandusky No. S-02-029, 2003-Ohio-2907, ¶ 28. Notably, S.R. also testified that she did not really remember driving fast habitually, and that she had never driven recklessly prior to the night of the incident in this case. This hardly constitutes pervasive incompetence so as to establish a triable issue.

{¶ 28} With respect to S.R.'s familiarity with the Mazda, Appellants argue that S.R. admitted that she was more familiar with her parents' vehicle. The record

also reflects that S.R. had driven the Mazda prior to the night of the incident here. Further, while S.R. may have been less familiar with the Mazda than with another vehicle, there is no evidence that the cause of the accident was in any way related to her degree of familiarity with the vehicle. The record evidence does not show that S.R. was unfamiliar with the Mazda so as to create a genuine issue of material fact with respect to her competence.

{¶ 29} Moreover, evidence in the record shows that S.R. successfully completed drivers education courses, had not previously been involved in an accident, and, according to the person with whom she had driven most frequently, J.R., was a good driver. J.R. testified that she had no reason to believe that S.R. was an unsafe driver. Therefore, Appellants did not present evidence sufficient to create a genuine issue of material fact as to S.R.'s competence.

{¶ 30} Appellants also assert that liability may attach under Section 390 of the Restatement of Torts, which states:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving an unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

Restatement of the Law 2d, Torts, Section 390 (1965). Ohio courts have not adopted Section 390 of the Restatement. Even if this court were to adopt it, as we are urged to do by Appellants, our analysis as to S.R.'s competence would remain the same.

{¶ 31} Section 390 provides that "youth" and "inexperience" may be considered in evaluating liability. This is in accordance with the foregoing case law surrounding negligent entrustment claims. To the extent that Section 390 provides further guidance regarding the meaning of "youth" and "inexperience," we note that the section's corresponding illustrations all concern ten-year-old children, many of whom had never operated the vehicle in question prior to the accident. Here, S.R. was a 16-year-old with a valid probationary license who had operated the Mazda prior to the accident in this case. Therefore, Appellants' argument regarding Section 390 is not well taken. There is no genuine issue of material fact as to whether S.R. was a competent driver.

## C. M.F.'s Knowledge of S.R.'s Alleged Incompetence

{¶ 32} Finally, even if Appellants had established evidence that M.F. entrusted her car to S.R., and that S.R. was incompetent, they have failed to point to any evidence creating a genuine issue of material fact as to the third element of their negligent entrustment claim. Nothing in the record supports Appellants' assertions that M.F. knew or should have known that S.R. was incompetent.

{¶ 33} As discussed above, there is no genuine issue of material fact regarding S.R.'s alleged incompetence. Therefore, it is impossible to conclude that M.F. somehow knew or should have of known of such incompetence. The record reflects that M.F. did not make any inquiry into S.R.'s driving habits, nor did she attempt to place any restrictions on use of the Mazda. In light of the evidence discussed with respect to S.R.'s alleged incompetence, even if M.F. had conducted

such an inquiry, she still would not have known or had any reason to know of S.R.'s alleged incompetence.

{¶ 34} Because there is no genuine issue of material fact as to any element of Appellants' negligent entrustment claim, the trial court did not err in granting summary judgment in favor of M.F. Appellants' first assignment of error is overruled.

## II. Secondary Entrustment and Other Theories of Liability

{¶ 35} In Appellants' second assignment of error, they argue that the trial court erred in failing to consider their arguments regarding secondary entrustment and other negligence theories of liability. In her brief in opposition to M.F.'s motion for summary judgment, M.M. argued that M.F. could be liable for negligence under the secondary entrustment theory, the family-purpose doctrine, or the joint enterprise doctrine.

{¶ 36} In granting M.F.'s motion for summary judgment, the trial court held that it was not necessary to reach Appellants' additional arguments because they were not included in the complaint, and no amended complaint was filed. *EverStaff, L.L.C. v. Sansai Environmental Technologies, L.L.C.*, 8th Dist. Cuyahoga No. 96108, 2011-Ohio-4824, ¶ 13. We agree.

{¶ 37} With respect to Appellants' secondary entrustment argument, they argued in their brief in opposition to M.F.'s motion for summary judgment that even if the original entrustment was to J.R. and not S.R., M.F. can still be liable. The crux of a secondary entrustment analysis is whether the original entrustment was

negligent. *Hicks v. State Farm Mut. Auto. Ins. Co.*, 2017-Ohio-7095, 95 N.E.3d 852, ¶ 22 (2d Dist.), citing *Dillard v. Campbell*, 2d Dist. Montgomery No. 17969, 2000 Ohio App. LEXIS 1519, 3 (Apr. 7, 2000). Because the original entrustment to J.R. was not negligent, Appellants could not prevail on a theory of secondary entrustment. The trial court was correct that this analysis was necessarily encompassed by its resolution of the negligent entrustment theory of liability.

{¶ 38} With respect to the joint enterprise theory of liability, we agree with Appellants that under Ohio law, they are not required to individually plead each and every theory of negligence. Although the rules of pleading are liberal, and a plaintiff is not bound by any particular theory of recovery, Civ.R. 8(A) does provide that the facts of a plaintiff's claim establish the right to relief. *EverStaff, L.L.C.* at ¶ 13, citing *White v. Mt. Carmel Med. Ctr.*, 150 Ohio App.3d 316, 2002-Ohio-6446, 780 N.E.2d 1054, ¶ 29 (10th Dist.). Further, plaintiffs cannot include claims beyond those raised in the complaint for the first time in the summary judgment stage of the litigation without amending the complaint. *Id.* Therefore, because the complaint in this case did not allege a factual or legal basis to support a joint enterprise theory of liability, the trial court did not err in not explicitly addressing Appellants' joint enterprise theory of liability.

{¶ 39} Likewise, not only did Appellants fail to allege a factual or legal basis for liability under the family-purpose doctrine, no Ohio court has recognized the doctrine. *Ross v. Burgan*, 163 Ohio St. 211, 215, 126 N.E.2d 592 (1955). Therefore,

the trial court did not err in not considering Appellants' additional theories of liability.  The second assignment of error is overruled.

{¶ 40} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR